FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★   MAR 05 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

v.

BRIAN RAYMOND CALLAHAN, HORIZON GLOBAL ADVISORS LTD. and HORIZON GLOBAL ADVISORS LLC.,

   Defendants.

Civil Action No.

CV 12-1065

SPATT, J.

---

## [PROPOSED] TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

Having considered the emergency application for a temporary restraining order, order freezing assets, and order for other relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the parties' memoranda of law and accompanying evidentiary materials, and argument, and finding that the Court has jurisdiction over Defendants and the subject matter of this action, the Court finds that the Commission has made a proper prima facie showing that: (1) Brian Raymond Callahan ("Callahan"), Horizon Global Advisors Ltd. ("HGA") and Horizon Global Advisors LLC ("HGA LLC") (collectively the "Defendants") have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) unless restrained and enjoined by Order of this Court, the Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement and an order to pay a civil

monetary penalty in this action; and (4) entry of a temporary restraining order, order freezing assets and order for other relief, including an accounting and repatriation of assets, is necessary to preserve the status quo. In consideration of the foregoing and the Court being fully advised in the premises, hereby orders as follows:

I.

**IT IS HEREBY ORDERED** that that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are temporarily restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

II.

**IT IS HEREBY FURTHER ORDERED** that that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are temporarily restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are temporarily restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

    (a) employ any device, scheme, or artifice to defraud any client or perspective client; or

    (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

3

IV.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are temporarily restrained from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including

(a) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b) to otherwise engage in any act practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

V.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall temporarily hold and retain funds and other assets of the Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent

4

investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to funds and assets identified in the attached Exhibit A, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen. However, Defendant Callahan shall be permitted to withdraw a total of $15,000 for personal living expenses from one or more of the following bank accounts in his name at Bank of America: xxxx7009, xxxx1895 or xxxx8899.

**VI.**

**IT IS HEREBY FURTHER ORDERED** that all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendants or over which the Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to funds and assets identified in the attached Exhibit A, shall temporarily hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

**VII.**

**IT IS HEREBY FURTHER ORDERED** that the Defendants shall submit in writing and serve upon the Commission, directed to Dean M. Conway, Trial Counsel, 100 F Street NE, Washington, DC 20549, facsimile number (202) 772-9362, with a courtesy copy via email to

5

conwayd@sec.gov, within ~~five (5)~~ ten (10) business days following service of this Order upon them, an accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled directly or indirectly by them, from investors, beneficial owners of investors or clients in connection with the misconduct described in the Complaint, including but not limited to all investments in the Funds, all capital contributions to the Funds, all redemptions from the Funds, all withdrawals from the Funds, all payments of management, performance, consulting or other types of fees by the Funds, all transfers of money from the Funds to the Defendants or any other person or entity, (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

    a. the nature and results of any investment in which the funds were used;

    b. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

    c. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above, including but not

6

limited to funds and assets of the Funds, and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

  4. assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants, whether in the United States or elsewhere; and

  5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of the Defendants, or in which the Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2005 to the present.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors, including but not limited to funds held at HSBC Bank Bermuda.

7

## IX.

**IT IS HEREBY FURTHER ORDERED** that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby temporarily prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## X.

**IT IS HEREBY FURTHER ORDERED** that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendants or the misconduct described in the Complaint.

## XI.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery commencing with the time and date of this Order, discovery may proceed without regard to the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure. In particular:

A. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Commission or

8

Receiver may take depositions upon oral examination, upon ~~three~~ five calendar days' emailed, telecopied or overnight notice of any such deposition, or receipt of the notice by other service.

B. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendants shall answer or [object to] ~~answer~~ all of the Commission's or the Receiver's interrogatories in writing under oath within ten ~~two~~ calendar days of e-mailed, telecopied or overnight mail service of such interrogatories, or receipt of the interrogatories by other service.

C. A request for documents and tangible things pursuant to Rule 34 of the Federal Rules of Civil Procedure will be answerable, or an objection filed and production made, within ~~two~~ ten calendar days of e-mailed, telecopied or overnight mail service of such request, or receipt of the request by other service.

D. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Defendants shall answer or file an objection to all of the Commission's or the Receiver's requests for admissions within ~~two~~ ten calendar days of telecopied or overnight mail service of such requests, or receipt of the requests by other service.

E. The Commission or the Receiver may take more than ten depositions, and any depositions taken pursuant to this Paragraph shall not count towards the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A);

F. The Commission and the Receiver may serve subpoenas on any and all third parties by e-mail, telecopy or overnight mail to an authorized representative and require responses to such subpoenas within five calendar days;

G. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means possible, whether by hand delivery, facsimile transmission, or overnight courier, or email, upon the

9

Commission, directed to Dean M. Conway, Trial Counsel, 100 F Street NE, Washington, DC 20549, facsimile number (202) 772-9362, with a courtesy copy via email to conwayd@sec.gov.

## XII.

IT IS HEREBY FURTHER ORDERED that ~~a temporary receiver shall be appointed,~~ *plaintiff may renew its request for a receiver with its motion for a preliminary injunction.* to oversee the assets, including assets not located in the United States of America that are owned or controlled, in whole or in part, by the Defendants and their partners, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party, of the Defendants and take control of and manage Pangea Offshore High Yield Portfolio, LLC, Diversified Global Investment (BVI), L.P., The Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P., and Horizon Millennium Investments, L.P. and Diversified Global Partners, LTD. The receiver shall preserve the assets and funds for the benefit of investors. In the discharge of the Receiver's duties, the Receiver shall have all powers, authorities, rights and privileges under applicable state and federal law in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66. The Commission shall recommend to the Court a receiver within 10 days of the date of this Order.

## XIII.

IT IS HEREBY FURTHER ORDERED that Defendants or their attorneys shall appear before this Court on *March 26*, 2012, at *9:30AM* Courtroom *1020* to show cause why this

10

Court should not enter a preliminary injunction extending the asset freeze and other relief entered in this Order until a final adjudication of this case on the merits. Defendants' response to the Order to Show Cause shall be filed no later than March 19, 2012. Plaintiff shall ~~file~~ have until March 22, 2012 to file any additional submissions.

/s/ ADS
USMJ

_____
UNITED STATES DISTRICT JUDGE

Dated: March __5__, 2012, __5:15__ a.m./p.m.

11

*SEC v. Callahan et al.*

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING
OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY
<u>A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED</u>**

## EXHIBIT A

**Accounts**

| Financial Institution | Account Name | Account Number |
|---|---|---|
| VP Bank and Trust Company (BVI) Limited | Horizon Global Investments, L.P. | A/C #████1.760 |
| VP Bank and Trust Company (BVI) Limited | Horizon Millennium Investments LP | A/C #████2.430 |
| VP Bank and Trust Company (BVI) Limited | Fiduciary Select Income Fund LP | A/C #████4.430 |
| VP Bank and Trust Company (BVI) Limited | The Masters Global Fund LP | A/C #████3.120 |
| VP Bank and Trust Company (BVI) Limited | Ardenne Investments, LLC | A/C #████0.010 |
| VP Bank and Trust Company (BVI) Limited | Invictus LLC | A/C #████0.300 |
| VP Bank and Trust Company (BVI) Limited | SCB Trust | A/C #████9.920 |
| VP Bank and Trust Company (BVI) Limited | Tarawa Overseas Investment LLC | A/C #████0.000 |
| HSBC Bermuda (formerly The Bank of Bermuda Limited) | Waterstreet Corporate Services Limited/Client Funds Account | USD S/A ████9-563 |
| HSBC Bermuda (formerly The Bank of Bermuda Limited) | Waterstreet Corporate Services Limited | USD S/A ████9-501 |
| FirstCaribbean International Bank | Ziemba | ████2881 |
| Bank of America | Brian R Callahan | ████7009 |
| Bank of America | Brian R Callahan | ████1895 |
| Bank of America | Brian R Callahan | ████8899 |

*SEC v. Callahan et al.*

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING
OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY
<u>A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED</u>**

## <u>EXHIBIT A</u>

| | | | |
|---|---|---|---|
| Bank of America | Pangea Offshore High Yield Portfolio LLC | | 3074 |
| Bank of America | Pangea Offshore High Yield Portfolio LLC | | 5322 |
| Bank of America | Horizon Global Advisors LLC | | 1957 |
| JP Morgan Chase | Panoramic Villas Escrow Savings Account Barry Manson/Brian Callahan | | 5113 |
| Charles Schwab | Brian Raymond Callahan | | 1774 |
| Citizens Bank | Cromwell AAA Self Storage LLC | | 1928 |
| Gibraltar | Brian Callahan | | 8906 |
| Millennium Management LLC | Horizon Millennium Investments, L.P. | | n/a |
| Morgan Stanley | The Masters Global Fund, L.P. | | 234C |
| Smith Barney/Citigroup | Horizon Global Investments | | 024c |
| Smith Barney/Citigroup | Horizon Large Cap Value | | 023c |
| Horizon Kinetics LLC | Diversified Global Investments (BVI), L.P. | | n/a |

### Assets

<u>Cars</u>
2010 Land Rover Range Rover Sport Lux; Vin: Salsk2d40aa255716
2007 Land Rover Range Rover Sport Hse; Vin: Salsk25487a107868

<u>Real Property</u>
10 Hillside Road, Cromwell, CT 06416-2055
272 Old Montauk Hwy., Cooperative Unit Salt Sea #4, Montauk, NY 11954
47 Clock Tower Ln, Old Westbury, NY 11568

### Entities

Cromwell AAA Self Storage
Diversified Global Investments (BVI), LP
Diversified Global Partners Ltd.
Fiduciary Select Income Fund LP

Page **2** of **3**

*SEC v. Callahan et al.*

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING
OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY
<u>A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED</u>**

## <u>EXHIBIT A</u>

Hillside Road LLC
Horizon Global Advisors (BVI)
Horizon Global Advisors LLC
Horizon Global Advisors, Ltd
Horizon Global Investments, LP
Horizon Global Partners, Ltd.
Horizon Millennium Investments LP
Pangea Bridge Investments LP
Pangea Global Opportunities Portfolio
Pangea Offshore High Yield Portfolio
The Masters Global Fund LP
Westminster Alternative Investments, LLC
Westminster Flagship Global LLC
Westminster Horizon Global Investments, LLC
Westminster Masters Hedged Portfolio, LLC