# KESSLEN DECLARATION

## DECLARATION OF JAY KESSLEN

I, JAY KESSLEN, declare pursuant to the provisions of 28 USC § 1746:

1. I have direct knowledge of the matters set forth in this declaration.

2. I am General Counsel of Horizon Kinetics LLC ("Horizon Kinetics"), which was formed in May 2011.

3. Horizon Kinetics is the consolidated parent company of Horizon Asset Management LLC ("Horizon Asset Management"), Kinetics Asset Management LLC, Kinetics Advisers, LLC, and various affiliates.

4. Kinetics Institutional Partners, LP ("Kinetics Institutional") is a Delaware limited partnership of which Kinetics Advisers, LLC is the General Partner.

5. On July 9, 2007, Diversified Global Investments (BVI), L.P. ("Diversified") entered into a subscription agreement with Kinetics Institutional (the "Subscription Agreement"). Brian Callahan signed the Subscription Agreement on behalf of Diversified.

6. A true and correct copy of the Subscription Agreement, executed on July 9, 2007, is attached hereto as Exhibit 1 (DGI000000175 - DGI000000202).

7. True and correct copies of certain documents Horizon Kinetics produced to the staff of the U.S. Securities and Exchange Commission (the "Staff") in response to the Staff's January 10, 2012 subpoena for documents (the "Subpoena"), that relate to Diversified's subscriptions and redemptions are attached hereto as Exhibit 2 (DGI000000056 - DGI000000071) and Exhibit 3 (DGI000000117 - DGI000000148).

8. Diversified has made the following subscriptions to Kinetics Institutional:

    a. $31,333,282.56 on August 1, 2007 (DGI000000148, DGI000000117);

    b. $1,271,275.09 on September 1, 2007 (DGI00000064, DGI000000117);

    c. $700,000 on October 1, 2007 (DGI00000056, DGI000000117); and

    d. $200,000 on March 20, 2008 (DGI00000060, DGI000000118).

9. Diversified has made the following redemptions from Kinetics Institutional:

    a. $1,500,000 on January 31, 2008, the proceeds of which Mr. Callahan requested be wired to VP Bank (BVI) Limited account # ▇▇▇▇8514 (DGI00000059, DGI000000118);

    b. $2,800,000 on April 30, 2008, the proceeds of which Mr. Callahan requested be wired to VP Bank (BVI) Limited account # ▇▇▇▇8514 (DGI00000061, DGI000000118);

    c. $5,000,000 on September 30, 2008, the proceeds of which Mr. Callahan requested be wired to VP Bank (BVI) Limited account # ■■■■8514 (DGI00000057, DGI000000118);

    d. $6,000,000 on November 30, 2008, the proceeds of which Mr. Callahan requested be wired to VP Bank (BVI) Limited account # ■■■■8514 (DGI00000058, DGI000000118);

    e. $1,000,000 on April 30, 2009, the proceeds of which Mr. Callahan requested be wired to VP Bank (BVI) Limited account # ■■■■8514 (DGI00000062, DGI000000119); and

    f. $350,000 on May 31, 2010, the proceeds of which Mr. Callahan requested be wired to The Bank of Bermuda Limited account # ■■■■9-501 with account name Waterstreet Corporate Services Limited (DGI00000063, DGI00000071, DGI000000120).

10. On February 8, 2012, Mr. Callahan made a written request (the "Redemption Request") to redeem the full balance remaining from the Kinetics Institutional capital account for Diversified. True and correct copies of the Redemption Request and Mr. Callahan's cover email for the Redemption Request, both dated February 8, 2012, which were also produced by Horizon Kinetics to the Staff in response to the Subpoena, are attached hereto as Exhibit 4.

11. On February 9, 2012, Mr. Callahan made a written request to withdraw the February 8 Redemption Request (the "Cancellation Request"). True and correct copies of the Cancellation Request and Mr. Callahan's cover email for the Cancellation Request, both dated February 9, 2012, which were also produced by Horizon Kinetics to the Staff in response to the Subpoena, are attached hereto as Exhibit 5.

12. To the best of my knowledge and belief, Diversified has not made any subscriptions or redemptions with Kinetics Institutional other than those described above.

13. As of January 31, 2012, the value of Diversified's account with Kinetics Institutional was $643,588.

14. In gathering information to respond to the Subpoena, I learned that in early 2007, Callahan set up two accounts under the name Horizon Global Investments, LP ("Horizon Global") with Horizon Asset Management. I also learned that Callahan operated an investment fund that was also called Horizon Global Investments, LP (the "Horizon Global Fund").

15. A true and correct copy of an offering memorandum (the "Offering Memorandum") for the Horizon Global Fund, dated June 2007, is attached as Exhibit 6 (DGI00005228 - DGI00005300). The Offering Memorandum falsely stated that "Horizon Asset Management, Inc, based in New York, has been engaged by the Fund as an investment advisor (the "Advisor") to provide investment management services to the Fund." (DGI00005230).

16. The Offering Memorandum also provided that Callahan would receive an annual management fee of 1.5% of the total assets under management for the Horizon Global Fund and an annual incentive fee of 20% of the aggregate net profits for the Horizon Global Fund (DGI00005239- DGI00005240).

17. Based on documents I reviewed and conversations I had with employees of Horizon Kinetics who are knowledgeable about the matter, I understand that an investor of the Horizon Global Fund contacted Horizon Asset Management to inquire about Horizon Asset Management's role in managing the Horizon Global Fund, and that Horizon Asset Management told the investor, and later Callahan, that it was not an investment manager to the Horizon Global Fund.

18. Based on documents I reviewed and conversations I had with employees of Horizon Kinetics who are knowledgeable about the matter, I understand that based on, among other things, Callahan misrepresenting that Horizon Asset Management was the investment advisor for the Horizon Global Fund and also the disproportionate fees Callahan was charging investors in the Horizon Global Fund (Horizon Global paid Horizon Asset Management an annual management fee of 0.5% of the total assets under management and no incentive fees), Horizon Asset Management involuntarily redeemed Horizon Global. I further understand that Horizon Asset Management returned all proceeds to Horizon Global and refunded Horizon Global all management fees.

19. To the best of my knowledge and belief, Horizon Millennium Investments, L.P. ("Horizon Millennium"), The Masters Global Fund L.P. ("Masters"), Fiduciary Select Income Fund, L.P. ("Fiduciary"), and Pangea Offshore High Yield Portfolio, LLC ("Pangea") have not subscribed to any fund of Horizon Kinetics.

20. To the best of my knowledge and belief, neither Horizon Kinetics nor Kinetics Institutional is, or has been, an investment advisor to Mr. Callahan, Diversified, Horizon Global Fund, Horizon Millennium, Masters, Fiduciary, or Pangea.

21. To the best of my knowledge and belief, neither the Horizon Global Fund nor Diversified are, or ever have been, offshore feeder funds to any fund of Horizon Kinetics.

22. There has never been any relationship or affiliation between Horizon Global and Horizon Asset Management or Horizon Kinetics.

23. There has never been any relationship or affiliation between the Horizon Global Fund and Horizon Asset Management or Horizon Kinetics.

24. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February, 2012.

JAY KESSLEN