

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF ENFORCEMENT

DEAN M. CONWAY
DIRECT DIAL: (202) 551-4412
FACSIMILE: (202) 772-9246

March 16, 2012

**Via Overnight Mail and ECF**

The Honorable Arthur D. Spatt
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

    Re:    <u>SEC v. Brian R. Callahan, et al., 12-cv-1065 (ARD)</u>

Dear Judge Spatt:

    The Securities and Exchange Commission ("SEC"), pursuant to Fed.R.Civ.P. 37, respectfully requests that the Court order Defendant Brian R. Callahan ("Callahan") to appear for his deposition.

    On March 5, 2012, this Court entered a temporary restraining order ("TRO"), which provided for expedited discovery. In particular, oral depositions were permitted to be taken upon five calendar days notice. TRO at p. 8, Section XI. A.

    On March 9, 2012, the SEC noticed Callahan's deposition for March 14, 2012. *See* Exhibit A. On March 13, 2012, Mr. Robert Knuts, counsel for Callahan, emailed the SEC to state that his client would not appear for his deposition because he intended to assert his Fifth Amendment privilege. The SEC responded that Callahan must appear in order to assert his privilege to specific questions posed by the SEC. *See* Exhibit B. The SEC then emailed Mr. Knuts, on March 14, 2012, requesting a Local Rule 37.3(a) conference for March 15, 2012. *See* Exhibit C. Hearing nothing, the SEC emailed Mr. Knuts again on March 15, 2012 regarding the same. To date, Mr. Knuts has not responded to the SEC's request for a conference.

    It is vital that the SEC be permitted to take Callahan's deposition in advance of the Preliminary Injunction hearing (scheduled for March 26, 2012) in order to determine, among other things, what representations he made to investors, what he did with investor money and where that money is now located.

    Even if Callahan elects to assert his Fifth Amendment privilege at the deposition, he is still required to appear in person to assert the privilege so that the SEC can probe the scope of

the privilege assertion. A witness may not make a "blanket" assertion of the Fifth Amendment privilege. *See, e.g., Hoffman v. United States,* 341 U.S. 479, 486 (1951) (mere assertion "does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified ... and [to] require him to answer if it clearly appears to the court that he is mistaken"); *Moll v. U.S. Life Title Ins. Co.,* 113 FRD 625, 628-29 (S.D.N.Y. 1987) (availability of Fifth Amendment privilege against self-incrimination does not mean that witness need not attend deposition; proper procedure is for deponent to attend deposition and answer non-incriminating questions); *Cadlerock Joint Venture, L.P. v. MacPherson,* 2011 WL 1795312, at *2 (S.D.N.Y. May 04, 2011) (the appropriateness of assertions of privilege must be determined on a question-by-question basis); *United States v. Aeilts,* 855 F. Supp. 1114, 1116 (C.D.Cal.1994) ("blanket" assertions of privilege impermissible; rather "[t]he person must claim the privilege on a document-by-document or question-by-question basis").

Callahan should also appear for purposes of establishing an adverse inference. He is of course free to assert the Fifth Amendment privilege in response to specific questions posed by the SEC. If he refuses to answer these questions, however, the SEC may ask the Court to draw an adverse inference based on his refusal to answer. *See, e.g., Baxter v. Palmigiano,* 425 U.S. 308 (1976).

Accordingly, the SEC respectfully requests that the Court order Callahan to appear for his deposition on a date prior to the Preliminary Injunction hearing. Please contact me at the above number if you have any questions.

Sincerely,

Dean M. Conway

cc: Robert Knuts (via e-mail)

2

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

      v.

BRIAN RAYMOND CALLAHAN,
HORIZON GLOBAL ADVISORS LTD., AND
HORIZON GLOBAL ADVISORS, LLC,

                          Defendants.

Case No: 12-cv-1065

## NOTICE OF DEPOSITION OF BRIAN R. CALLAHAN

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, including Rules 26, 30 and 45, plaintiff Securities & Exchange Commission will take the deposition of Defendant Brian R. Callahan. This deposition will take place on March 14, 2012 at 10:00 a.m. at the SEC's New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022. This deposition will be conducted before an officer authorized by law to administer oaths and will be recorded by stenographic and videographic means.

Dated: March 9, 2012                                   s/ Dean M. Conway

                                                   Dean M. Conway
                                                   U.S. Securities & Exchange Commission
                                                   100 F St., N.E.
                                                   Washington, DC 20549-4010
                                                   Phone: (202) 551-4412
                                                   Facsimile: (202) 551-9246
                                                   conwayd@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2012 a copy of the attached Notice of Deposition of Brian R. Callahan were served on the following party via UPS Overnight mail and E-Mail:

> Robert Knuts
> 630 Third Avenue
> Seventh Floor
> New York, NY 10017
> rknuts@parkjensen.com

> s/ Dean M. Conway
> _____
> Dean M. Conway

**EXHIBIT B**

## Conway, Dean

| | |
|---|---|
| **From:** | Conway, Dean |
| **Sent:** | Tuesday, March 13, 2012 4:25 PM |
| **To:** | 'Robert Knuts' |
| **Cc:** | Deitch, Lisa; Robert L. Herskovits; Pal, Holly; French, Linda |
| **Subject:** | RE: SEC v. Callahan, et al. |

We'll review this document and be back in touch.

Further, I reiterate our position that Mr. Callahan must appear tomorrow in order to assert his 5th Amendment Privilege as to specific questions posed by the SEC. In light of your stated position, however, we will not be making a futile trip to NYC. Dean

---

**From:** Robert Knuts [mailto:rknuts@parkjensen.com]
**Sent:** Tuesday, March 13, 2012 4:09 PM
**To:** Conway, Dean
**Cc:** Deitch, Lisa; Robert L. Herskovits
**Subject:** SEC v. Callahan, et al.

As discussed, attached is a draft Stipulation and Order concerning the pending application for a preliminary injunction, including the provisions relating to the asset freeze, "repatriation" order [in quotes only because the investors never invested in the U.S.], and appointment of a receiver.

This email also confirms that Mr. Callahan has elected to assert his Fifth Amendment privilege to decline to answer questions at his deposition that you noticed for tomorrow in New York. Mr. Callahan will confirm that election in a sworn declaration. If you wish that declaration to include specific subject matters, please let me know and I will include those subject matters in the declaration that asserts his Fifth Amendment privilege.

In light of that election, Mr. Callahan will not be appearing for the noticed deposition. I understand that plaintiff reserves the right to seek to compel Mr. Callahan to appear for a deposition notwithstanding his decision to assert his Fifth Amendment privilege and, in turn, Mr. Callahan reserves his right to seek a protective order that would preclude the plaintiff from conducting an in-person deposition that consisted solely of repeated assertions of the Fifth Amendment privilege.

Let's discuss the proposed stipulation after you have an opportunity to review and discuss internally.

Bob


Robert Knuts
Park & Jensen LLP
630 Third Avenue
New York, New York 10017
646 200 6330 (direct dial)
rknuts@parkjensen.com

This message, together with its attachments, if any, may contain information that is legally privileged and/or confidential, and is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby

**EXHIBIT C**

## Conway, Dean

| | |
|---|---|
| **From:** | Conway, Dean |
| **Sent:** | Wednesday, March 14, 2012 6:06 PM |
| **To:** | 'Robert Knuts' |
| **Cc:** | Deitch, Lisa; French, Linda; Pal, Holly |
| **Subject:** | Callahan |
| **Attachments:** | SEC v Callahan Proposed STIPULATED PI FINAL.pdf |
| **Importance:** | High |

Bob – Attached is a draft stipulation. Please let us know by tomorrow if you are willing to execute it.

I would also like to have a LR 37.3 meet and confer tomorrow regarding our motion to compel Mr. Callahan's deposition. *See, e.g., Moll v. U.S. Life Title Ins. Co.,* 113 FRD 625, 628-29 (S.D.N.Y. 1987) (availability of Fifth Amendment privilege against self-incrimination does not mean that witness need not attend deposition; proper procedure is for deponent to attend deposition and answer non-incriminating questions). Thanks

## Conway, Dean

| | |
|---|---|
| **From:** | Conway, Dean |
| **Sent:** | Thursday, March 15, 2012 2:22 PM |
| **To:** | 'Robert Knuts' |
| **Cc:** | Deitch, Lisa; Pal, Holly; French, Linda |
| **Subject:** | First Set of Interrogatories Directed to Brian Callahan |
| **Attachments:** | Diversified SEC v Callahan SEC's Interrogatories.pdf |
| **Importance:** | High |

Please see the attached discovery request.

Also, I still have not heard from you regarding my request to schedule a meet and confer, pursuant to LR 37.3, for today. As I stated yesterday, we intend to file a motion to compel Mr. Callahan's deposition, which he refused to appear for on March 14th. Please let me know as soon as possible when you have time to speak. Thanks

Dean M. Conway | Assistant Chief Litigation Counsel
Division of Enforcement | SEC
100 F Street, NE | Washington DC 20549
Tel 202.551.4412 | Fax 202.772.9362