UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :     Index No. 12-cv-1065 (ADS)

                     Plaintiff,        :

v.                              :

BRIAN RAYMOND CALLAHAN,       :
HORIZON GLOBAL ADVISORS LTD., and
HORIZON GLOBAL ADVISORS LLC,     :

               Defendants.     :

-------------------------------------------------------------x

 

**MEMORANDUM OF LAW SUBMITTED BY DEFENDANT
BRIAN RAYMOND CALLAHAN IN PARTIAL OPPOSITION TO
PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION,
<u>THE APPOINTMENT OF A RECEIVER AND OTHER PRELIMINARY RELIEF</u>**

## PRELIMINARY STATEMENT

Defendant Brian Raymond Callahan ("Callahan") submits this memorandum of law in partial opposition to the application of plaintiff Securities and Exchange Commission ("SEC") for a preliminary injunction, appointment of a receiver and other preliminary relief.

As described below and in the proposed Order attached hereto as Exhibit A, Callahan consents to nearly all the relief sought by the SEC.  Specifically, Callahan consents to a preliminary injunction that would: (a) prohibit defendants from violating certain provisions of the Federal securities laws; (b) require the transfer of certain funds located outside the United States to a Court registry account; (c) prohibit defendants from engaging in any activities that would involve soliciting investors for any purpose or entity; and (d) freeze defendant's personal assets, subject to Callahan's right to apply to the Court for a separate order allowing Callahan to use certain assets to pay living expenses and attorney's fees.  Callahan also consents in principle to the appointment of a Receiver for the following entities: (a) defendants Horizon Global Advisors Ltd. ("HGA Ltd.") and Horizon Global Advisors LLC ("HGA LLC"); (b) Pangea Offshore High Yield Portfolio, LLC ("Pangea"); (c) Diversified Global Investment (BVI), L.P. (the "Diversified Global Partnership"); (d) The Masters Global Fund, L.P. (the "Masters Global Partnership"); (e) Fiduciary Select Income Fund, L.P. (the "Fiduciary Select Partnership");  (f) Horizon Millennium Investments, L.P. (the "Horizon Millennium Partnership"); and (g) Diversified Global Partners, LTD. (the "Diversified General Partner").

Callahan opposes the following portions of the SEC's application for a preliminary injunction:

(a)     the appointment of a Receiver for Callahan's personal assets, including his ownership interest in a self-storage business located in Cromwell, Connecticut;

(b)      the appointment of a Receiver for Pangea, the Diversified Global Partnership, the Masters Global Partnership, the Fiduciary Select Partnership, the Horizon Millennium Partnership (collectively, Pangea, the Diversified Global Partnership, the Masters Global Partnership, the Fiduciary Select Partnership, and the Horizon Millennium Partnership are referred to as "the Offshore Investment Partnerships") and the Diversified General Partner without those entities intervening as parties to this litigation so that the Court may exercise jurisdiction over those entities;

(c)      the appointment of a Receiver for the Offshore Investment Partnerships without any advance notice to the investors in the Offshore Investment Partnerships so that those investors have the opportunity to express their views on the selection of a Receiver to the Court; and

(d)      the freezing of all assets listed on Exhibit A to the temporary restraining order dated March 5, 2012 regardless of whether or not such assets are owned by Callahan or the other defendants.

## ARGUMENT

## I.

## THE COURT SHOULD APPOINT A RECEIVER FOR THE OFFSHORE INVESTMENT PARTNERSHIPS ONLY AFTER ADVANCE NOTICE TO THE INVESTORS AND THE COURT SHOULD NOT APPOINT A RECEIVER FOR CALLAHAN PERSONALLY

The appointment of a temporary receiver is an extraordinary equitable remedy that is generally described as "drastic" and justified only in "extreme" situations when less drastic or extreme measures are considered by the Court to be insufficient. *See Peterson v. Islamic Republic of Iran*, 563 F. Supp. 268, 277 (D.D.C. 2008); *U.S. v. Hoffman*, 560 F. Supp. 772, 777 (D. Minn. 2008); *Federal Home Loan Mortgage Corp. v. Tsinos*, 854 F. Supp. 113, 115 (E.D.N.Y. 1994).  As summarized in *Hoffman*,

There is no precise formula for determining when appointment of a receiver is appropriate, but courts generally consider the following factors: "(1) a valid claim by the party seeking the appointment; (2) the probability that fraudulent conduct has occurred or will occur to frustrate that claim; (3) imminent danger that property will be concealed, lost, or diminished in value; (4) inadequacy of legal remedies; (5) lack of a less drastic equitable remedy; and (6) likelihood that appointing the receiver will do more good than harm."

560 F.Supp.2d at 777 (*quoting Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir.1993).

Here, there is no dispute that the appointment of a Receiver for the Offshore Investment Partnerships, the Diversified General Partner, and defendants HGA LLC and HGA Ltd. is justified based upon the materials presented to the Court and the need for an independent person to manage the Offshore Investment Partnerships and protect the interests of investors during the pendency of the action. The Order proposed by defendants, attached as Exhibit A, requires the SEC to give advance notice to the investors in the Offshore Investment Partnerships concerning the identity of the proposed Receiver and the terms on which the Receiver shall manage the Offshore Investment Partnerships and protect their interests. In addition, on Callahan's consent, the proposed Order also allows the Offshore Investment Partnerships and the Diversified General Partner to intervene in this action so that the Court possesses jurisdiction over these entities, which were organized under the laws of Nevis (Pangea) and the British Virgin Islands (the remaining entities). *See Peterson, supra.*, 563 F. Supp.2d at 277 (court must have jurisdiction over parties to impose receivership.)

While it is appropriate to appoint a Receiver for the Offshore Investment Partnerships and the related entities, the SEC has not made a similar showing that a Receiver should be appointed to immediately seize all assets held by Callahan personally. The less drastic measure of an asset freeze fully protects the SEC's interests in the potential recovery of a judgment that may be entered in this action against Callahan without interfering with Callahan's unrelated business interests.

For example, Callahan is an owner of a self-storage business located in Cromwell, Connecticut that is managed by Callahan's father and called Cromwell AAA Self Storage.

Callahan established that business years before the events that gave rise to the SEC's allegations in this action.  *See* Declaration of Robert Knuts, dated March 19, 2012 ("Knuts Decl."), Ex. A. While Callahan may or may not ultimately need to sell that business to satisfy a prospective judgment in this action, the SEC has not demonstrated any need for a  Receiver to take over the management of that business during the pendency of this action.

## II.

### THE ASSET FREEZE SHOULD ALLOW CALLAHAN TO APPLY FOR PAYMENT OF LIVING EXPENSES AND LEGAL FEES AND SHOULD APPLY ONLY TO ASSETS THAT ARE OWNED BY THE DEFENDANTS

As acknowledged by the SEC, the purpose of an asset freeze is to preserve the status quo by preventing dissipation and diversion of a defendant's assets.  *SEC v. Infinity Group Co.*, 212 F.3d 180, 197 (3rd Cir. 2000) (cited at page 27 of the SEC's memorandum of law in support of its application for a temporary restraining order and other relief).  However, the purpose of an asset freeze must also be balanced against any economic hardships that a blanket asset freeze may inflict on a defendant during the pendency of an action.  As a result, courts regularly issue orders that allow for a defendant to use some portion of the frozen assets for payment of living expenses and legal fees when such payments are justified in the view of the Court.  *See e.g., SEC v. Grossman*, 2003 WL 133237 (SDNY 2003) (noting that asset freeze order was modified several times to permit payment of living expenses and legal fees.)  The proposed Order includes a specific provision that would allow Callahan to make such an application to the Court.

In addition to allowing for an application to pay living expenses and legal fees, the proposed Order also distinguishes between Defendants' assets, which should be the subject of the asset freeze, and other assets listed in Exhibit A to the TRO.  In addition to certain bank accounts, Exhibit A to the TRO also references certain "Real Property" and "Entities", most of

which are simply not assets of the Defendants.  For example, Callahan has never owned any real property at 47 Clock Tower Lane, Old Westbury, New York.  *See* Knuts Decl., Exhibit B (property originally purchased in January 2006 by Callahan's wife.)  With respect to "Entities", while Callahan is an owner of Cromwell AAA Self Storage LLC, the SEC has made no showing why that business should be immediately "frozen," thereby immediately changing the status quo.  Instead, that business should continue to be managed by Callahan's father during the pendency of the action.  Finally, while Callahan may have direct or indirect ownership interests in some of the various other entities listed in Exhibit A, the SEC has made no showing that Callahan (or HGA LLC or HGA Ltd.) are the sole owners of those entities.  The proposed Order attached as Exhibit A solves this problem by freezing only those assets that are, in fact, Defendants' assets.

## CONCLUSION

For the reasons described above, and based upon the consent of defendant Callahan, the Court should deny the SEC's application for a preliminary injunction to the extent that the SEC seeks: (a) to impose a Receivership on the Offshore Investment Partnerships without any prior notice to the investors in the Offshore Investment Partnerships and without any attempt to add those entities as parties to this action so that the Court may exercise jurisdiction over the Offshore Investment Partnerships; (b) to impose a receivership on Callahan's personal assets; (c)

to freeze Callahan's personal assets without acknowledging that Callahan should have the opportunity to apply to the Court for permission to pay living expenses and legal fees; and (d) to freeze assets that are not Defendants' assets.

Dated: New York, New York
        March 19, 2012

PARK & JENSEN LLP

By:   /s/ Robert Knuts      
         Robert Knuts

Co-Counsel for Defendant Brian Raymond Callahan

630 Third Avenue
New York, NY 10017
(646) 200-6331

HERSKOVITS PLLC

By:   /s/ Robert L. Herskovits   
         Robert L. Herskovits

Co-Counsel for Defendant Brian Raymond Callahan

1065 Avenue of the Americas, 27th Floor
New York, NY 10018
(212) 897-5410

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :    Index No. 12-cv-1065 (ADS)

               Plaintiff,      :

v.                         :

BRIAN RAYMOND CALLAHAN,    :    **ORDER [PROPOSED]**
HORIZON GLOBAL ADVISORS LTD., and
HORIZON GLOBAL ADVISORS LLC,    :

              Defendants.    :

--------------------------------------------------------------x

       Upon consent of defendant Brian Raymond Callahan, who is also the sole owner of

defendants Horizon Global Advisors Ltd. and Horizon Global Advisors LLC, the application of

plaintiff Securities and Exchange Commission ("SEC") for a preliminary injunction,

appointment of a receiver and other relief is granted, in part, as follows:

**I.**

       Until such time as a final judgment is entered in this action, it is hereby ordered that

Defendants Brian Raymond Callahan, Horizon Global Advisors Ltd. ("HGA Ltd.") and Horizon

Global Advisors LLC ("HGA LLC") (collectively, "Defendants"), and each of their respective

agents, servants, employees and attorneys and those persons in active concert or participation

with them who receive actual notice of this Stipulation and Order by personal service or

otherwise, including facsimile or email transmission are preliminarily restrained from violating

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and

Rule l0b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the

means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

 (a) employing any device, scheme or artifice to defraud;

 (b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## II.

Until such time as a final judgment is entered in this action, it is hereby further ordered that Defendants, and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile or email transmission are preliminarily restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements m.ade, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

Until such time as a final judgment is entered in this action, it is hereby further ordered that Defendants, and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile or email transmission are preliminarily restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

(a)     employ any device, scheme, or artifice to defraud any client or perspective client; or

(b)     engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

Until such time as a final judgment is entered in this action, it is hereby further ordered that Defendants, and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile or email transmission are preliminarily restrained from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including

3

(a)     to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b)     to otherwise engage in any act practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

## V.

Until such time as a final judgment is entered in this action, it is hereby further ordered that Defendants, and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile or email transmission, or overnight delivery service shall hold and retain funds and other assets of the Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located ("Defendants' Assets"), including but not limited to funds and assets identified in the attached Exhibit A to the extent that such funds and assets are Defendants' Assets, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, or disposal of Defendants' Assets, which are hereby preliminarily frozen.  However, Callahan shall be permitted to apply to the Court for an Order directing that certain of Callahan's assets may be used to pay personal living

expenses and legal fees in periodic amounts and from specific assets approved by the Court in such an Order or Orders.

## VI.

Until such time as a final judgment is entered in this action, it is hereby further ordered that all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Stipulation and Order by personal service or otherwise, and are holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located ("Defendants' Assets"), including but not limited to funds and assets identified in the attached Exhibit A, shall hold and retain Defendant's Assets within their control and prohibit the withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, or disposal of Defendants' Assets, which are hereby preliminarily frozen.

## VII.

It is hereby further ordered that Defendants, and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to transfer to the registry of this Court, to be held in an interest-bearing account until further order of the Court, any and all funds or assets that: (a) are presently located outside of the United States, including HSBC Bank Bermuda; (b) were obtained directly or indirectly from investors in

5

Pangea Offshore High Yield Portfolio, LLC ("Pangea"), Diversified Global Investment (BVI),

L.P. (the "Diversified Global Partnership"), The Masters Global Fund, L.P. (the "Masters Global

Partnership"), Fiduciary Select Income Fund, L.P. (the "Fiduciary Select Partnership"), and

Horizon Millennium Investments, L.P. (the "Horizon Millennium Partnership"); and (c) are not

currently under the direct control of Pangea, the Diversified Global Partnership, the Masters

Global Partnership, the Fiduciary Select Partnership, and the Horizon Millennium Partnership.

## VIII.

Until such time as a final judgment is entered in this action, it is hereby further ordered

that Defendants, and each of their respective agents, servants, employees and attorneys and those

persons in active concert or participation with them who receive actual notice of this Stipulation

and Order by personal service or otherwise, including facsimile or email transmission, or

overnight delivery service, are hereby prohibited from soliciting, accepting or depositing any

monies obtained from actual or prospective investors in any investment partnership or company

or any other pooled investment vehicle, including Pangea, the Diversified Global Partnership, the

Masters Global Partnership, the Fiduciary Select Partnership and the Horizon Millennium

Partnership.

## IX.

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, Pangea, the Diversified

Global Partnership, the Masters Global Partnership, the Fiduciary Select Partnership, the Horizon

Millennium Partnership, and Diversified Global Partners, LTD. (the "Diversified General

Partner") hereby intervene into this action as relief defendants so that, as set forth in paragraph X

below, the Court may appoint a temporary receiver for Pangea, the Diversified Global

Partnership, the Masters Global Partnership, the Fiduciary Select Partnership, the Horizon

Millennium Partnership and the Diversified General Partner.

## X.

Until such time as a final judgment is entered in this action, the Court takes exclusive

jurisdiction and possession of the assets, of whatever kind and wherever situated, of Pangea, the

Diversified Global Partnership, the Masters Global Partnership, the Fiduciary Select Partnership,

the Horizon Millennium Partnership, the Diversified General Partner, HGA Ltd. and HGA LLC

(the "Receivership Defendants").  Within twenty days of this Stipulation and Order and upon ten

days' advance notice to Defendants and all persons who are investors in Pangea, the Diversified

Global Partnership, the Masters Global Partnership, the Fiduciary Select Partnership and the

Horizon Millennium Partnership, plaintiff Securities and Exchange Commission shall: (a)

recommend to the Court a person of suitable qualifications to serve without bond as temporary

receiver (the "Receiver") for the estates of the Receivership Defendants; and (b) propose the

terms on which the Receiver shall take temporary control of the Receivership Defendants.


Dated: March ___, 2012


SO ORDERED:


_____

U.S.D.J.


7

*SEC v. Callahan et al.*

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING
OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY
A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

## EXHIBIT A

__Accounts__

| Financial Institution | Account Name | Account Number |
|---|---|---|
| VP Bank and Trust Company (BVI) Limited | Horizon Global Investments, L.P. | A/C # ████1.760 |
| VP Bank and Trust Company (BVI) Limited | Horizon Millennium Investments LP | A/C # ████2.430 |
| VP Bank and Trust Company (BVI) Limited | Fiduciary Select Income Fund LP | A/C # ████4.430 |
| VP Bank and Trust Company (BVI) Limited | The Masters Global Fund LP | A/C # ████3.120 |
| VP Bank and Trust Company (BVI) Limited | Ardenne Investments, LLC | A/C # ████0.010 |
| VP Bank and Trust Company (BVI) Limited | Invictus LLC | A/C # ████0.300 |
| VP Bank and Trust Company (BVI) Limited | SCB Trust | A/C # ████9.920 |
| VP Bank and Trust Company (BVI) Limited | Tarawa Overseas Investment LLC | A/C # ████0.000 |
| HSBC Bermuda (formerly The Bank of Bermuda Limited) | Waterstreet Corporate Services Limited/Client Funds Account | USD S/A ████9-563 |
| HSBC Bermuda (formerly The Bank of Bermuda Limited) | Waterstreet Corporate Services Limited | USD S/A ████9-501 |
| FirstCaribbean International Bank | Ziemba | ████2881 |
| Bank of America | Brian R Callahan | ████7009 |
| Bank of America | Brian R Callahan | ████1895 |
| Bank of America | Brian R Callahan | ████3899 |

Page 1 of 3

*SEC v. Callahan et al.*

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING
OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY
<u>A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED</u>**

<u>**EXHIBIT A**</u>

| | | |
|---|---|---|
| Bank of America | Pangea Offshore High Yield Portfolio LLC | ▮3074 |
| Bank of America | Pangea Offshore High Yield Portfolio LLC | ▮5322 |
| Bank of America | Horizon Global Advisors LLC | ▮1957 |
| JP Morgan Chase | Panoramic Villas Escrow Savings Account Barry Manson/Brian Callahan | ▮5113 |
| Charles Schwab | Brian Raymond Callahan | ▮1774 |
| Citizens Bank | Cromwell AAA Self Storage LLC | ▮1928 |
| Gibraltar | Brian Callahan | ▮3906 |
| Millennium Management LLC | Horizon Millennium Investments, L.P. | *n/a* |
| Morgan Stanley | The Masters Global Fund, L.P. | ▮234C |
| Smith Barney/Citigroup | Horizon Global Investments | ▮024c |
| Smith Barney/Citigroup | Horizon Large Cap Value | ▮023c |
| Horizon Kinetics LLC | Diversified Global Investments (BVI), L.P. | *n/a* |

<u>Assets</u>

<u>Cars</u>
2010 Land Rover Range Rover Sport Lux; Vin: Salsk2d40aa255716
2007 Land Rover Range Rover Sport Hse; Vin: Salsk25487a107868

<u>Real Property</u>
10 Hillside Road, Cromwell, CT 06416-2055
272 Old Montauk Hwy., Cooperative Unit Salt Sea #4, Montauk, NY 11954
47 Clock Tower Ln, Old Westbury, NY 11568

<u>Entities</u>

Cromwell AAA Self Storage
Diversified Global Investments (BVI), LP
Diversified Global Partners Ltd.
Fiduciary Select Income Fund LP

*SEC v. Callahan et al.*

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING
OTHER RELIEF, AND FOR AN ORDER TO SHOW CAUSE WHY
<u>A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED</u>

## <u>EXHIBIT A</u>

Hillside Road LLC
Horizon Global Advisors (BVI)
Horizon Global Advisors LLC
Horizon Global Advisors, Ltd
Horizon Global Investments, LP
Horizon Global Partners, Ltd.
Horizon Millennium Investments LP
Pangea Bridge Investments LP
Pangea Global Opportunities Portfolio
Pangea Offshore High Yield Portfolio
The Masters Global Fund LP
Westminster Alternative Investments, LLC
Westminster Flagship Global LLC
Westminster Horizon Global Investments, LLC
Westminster Masters Hedged Portfolio, LLC