

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF ENFORCEMENT

DEAN M. CONWAY
DIRECT DIAL: (202) 551-4412
FACSIMILE: (202) 772-9246

**FILED**  March 16, 2012
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

**Via Overnight Mail and ECF**

MAR 22 2012

The Honorable Arthur D. Spatt
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

LONG ISLAND OFFICE

Re:  SEC v. Brian R. Callahan, et al., 12-cv-1065 (ARD)

Dear Judge Spatt:

The Securities and Exchange Commission ("SEC"), pursuant to Fed.R.Civ.P. 37, respectfully requests that the Court order Defendant Brian R. Callahan ("Callahan") to appear for his deposition.

On March 5, 2012, this Court entered a temporary restraining order ("TRO"), which provided for expedited discovery. In particular, oral depositions were permitted to be taken upon five calendar days notice. TRO at p. 8, Section XI. A.

On March 9, 2012, the SEC noticed Callahan's deposition for March 14, 2012. *See* Exhibit A. On March 13, 2012, Mr. Robert Knuts, counsel for Callahan, emailed the SEC to state that his client would not appear for his deposition because he intended to assert his Fifth Amendment privilege. The SEC responded that Callahan must appear in order to assert his privilege to specific questions posed by the SEC. *See* Exhibit B. The SEC then emailed Mr. Knuts, on March 14, 2012, requesting a Local Rule 37.3(a) conference for March 15, 2012. *See* Exhibit C. Hearing nothing, the SEC emailed Mr. Knuts again on March 15, 2012 regarding the same. To date, Mr. Knuts has not responded to the SEC's request for a conference.

It is vital that the SEC be permitted to take Callahan's deposition in advance of the Preliminary Injunction hearing (scheduled for March 26, 2012) in order to determine, among other things, what representations he made to investors, what he did with investor money and where that money is now located.

Even if Callahan elects to assert his Fifth Amendment privilege at the deposition, he is still required to appear in person to assert the privilege so that the SEC can probe the scope of

the privilege assertion. A witness may not make a "blanket" assertion of the Fifth Amendment privilege. *See, e.g., Hoffman v. United States*, 341 U.S. 479, 486 (1951) (mere assertion "does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified ... and [to] require him to answer if it clearly appears to the court that he is mistaken"); *Moll v. U.S. Life Title Ins. Co.*, 113 FRD 625, 628-29 (S.D.N.Y. 1987) (availability of Fifth Amendment privilege against self-incrimination does not mean that witness need not attend deposition; proper procedure is for deponent to attend deposition and answer non-incriminating questions); *Cadlerock Joint Venture, L.P. v. MacPherson*, 2011 WL 1795312, at *2 (S.D.N.Y. May 04, 2011) (the appropriateness of assertions of privilege must be determined on a question-by-question basis); *United States v. Aeilts*, 855 F. Supp. 1114, 1116 (C.D.Cal.1994) ("blanket" assertions of privilege impermissible; rather "[t]he person must claim the privilege on a document-by-document or question-by-question basis").

Callahan should also appear for purposes of establishing an adverse inference. He is of course free to assert the Fifth Amendment privilege in response to specific questions posed by the SEC. If he refuses to answer these questions, however, the SEC may ask the Court to draw an adverse inference based on his refusal to answer. *See, e.g., Baxter v. Palmigiano*, 425 U.S. 308 (1976).

Accordingly, the SEC respectfully requests that the Court order Callahan to appear for his deposition on a date prior to the Preliminary Injunction hearing. Please contact me at the above number if you have any questions.

Sincerely,

Dean M. Conway

cc: Robert Knuts (via e-mail)

```
Request granted. The defendant, Brian R. Callahan, is directed to
appear for a deposition on a date prior to the Preliminary Injunction
hearing.
So Ordered.
```

_____
Arthur D. Spatt, U.S.D.J.

3/22/12