# EXHIBIT A

GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.

A Professional Corporation Incorporated in the State of New York

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL (1920-2010)
KENNETH W. MALAMY
LAWRENCE L. FLYNN
STEVEN WEINBERG
STEWART W. LEE ◊

———

RICHARD B. DEMAS
SUSANNA REQUETS ◊

◊ Also Admitted in New Jersey

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870

———

TELEPHONE (212) 495-0100
FACSIMILE (212) 480-9797

WRITERS E-MAIL:
sweinberg@gottesmanlaw.com

IN REPLY REFER TO

14750

April 3, 2012

Brian F. Callahan
352 Belleview Avenue
Southington, Connecticut 06489

   Re: Notice of Order of Receivership and Stay
     Securities and Exchange Commission v. Callahan
     <u>U.S. District Court, E.D.N.Y., Civil Case No. 12 CV 1065</u>

Dear Mr. Callahan:

   PLEASE TAKE NOTICE that on March 27, 2012, the Honorable Arthur D. Spatt, a United States District Judge, signed an order in the above referenced action (the "Receivership Order") which and whereby the Court:

  (a) took exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Horizon Global Advisors, Ltd. and Horizon Global Advisors LLC (the "Horizon Companies"); and

  (b) placed the Horizon Companies in receivership; and

  (c) removed and dismissed all of the pre-receivership trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Horizon Companies, and

  (d) appointed Steven Weinberg, Esq. from this firm as the Receiver of the estates of the Horizon Companies (the "Receiver"), and empowering the Receiver with all the powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Horizon Companies

   PLEASE TAKE FURTHER NOTICE that the Receivership Order also contains provisions that enjoin the Defendants, their respective agents, servants, employees and attorneys, and those persons in active concert or participation with them, as well as third-parties and interested parties, from taking or continuing to take certain actions.  Those provisions prohibits the destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, and enjoins the transferring, setting off, receiving,

Brian F. Callahan
April 3, 2012
Page 2

changing, selling, pledging, assigning, liquidating or otherwise disposing of or
withdrawing any Receivership Assets.  The Receivership Order also stays, until further
order of the Court, "[a]ll civil legal proceedings of any nature, including, but not limited
to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default
proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as
Receiver, (b) any Receivership Property, wherever located, (c) any of the Receivership
Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership
Defendants' past or present officers, directors, managers, agents or general or limited
partners sued for, or in connection with, any action taken by them while acting in such
capacity or any nature, whether as plaintiff, defendant, third-party plaintiff, third-party
defendant, or otherwise…".  *Receivership Order* ¶ 32.

PLEASE TAKE FURTHER NOTICE that "all persons and entities owing any
obligation, debt, or distribution with respect to an ownership interest to any [Horizon
Companies] shall, until further order by [the] Court, pay all such obligations in
accordance with the terms thereof to the Receiver and its receipt for such payment shall
have the same force and effect as if the [Horizon Companies] had received such
payment." *Receivership Order* ¶ 24.

A copy of the Receivership Order is enclosed herewith.  You may wish to review
on your own or with an attorney the terms and provisions of the Receivership Order.

All of the foregoing information and documents, and all payments for any
obligations that are due and owing, shall be sent to and made payable to the Receiver, at:

Steven Weinberg, Esq. as Receiver for
Horizon Global Advisors, Ltd.
and Horizon Global Advisors LLC.
c/o Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.
Attorneys at Law
11 Hanover Square, 4th Floor
New York, New York 10005

If you have any questions or require additional information, please write to the
above address, call me at (212) 495-0100 ext. 226, or e-mail me at
sweinberg@gottesmanlaw.com.

Very truly yours,

Steven Weinberg as Receiver
for Horizon Global Advisors, Ltd.
and Horizon Global Advisors LLC

Enc.

Brian F. Callahan
April 3, 2012
Page 3


cc:     Dean M. Conway, Esq.
        United States Securities and Exchange Commission
        100 F Street, NE
        Washington, DC 20549
        Tel.: (202)551-4412
        Fax: (202)772-9362
        Email: conwayd@sec.gov

GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.

A Professional Corporation Incorporated in the State of New York

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL (1920-2010)
KENNETH W. MALAMY
LAWRENCE L. FLYNN
STEVEN WEINBERG
STEWART W. LEE ◊

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870

WRITERS E-MAIL:
sweinberg@gottesmanlaw.com

TELEPHONE (212) 495-0100
FACSIMILE (212) 480-9797

RICHARD B. DEMAS
SUSANNA REQUETS ◊

IN REPLY REFER TO

◊ Also Admitted in New Jersey

14750

April 3, 2012

Brian F. Callahan
352 Belleview Avenue
Southington, Connecticut 06489

Re:     Demand for Compliance of Receivership Order
        Securities and Exchange Commission v. Callahan
        U.S. District Court, E.D.N.Y., Civil Case No. 12 CV 1065

Dear Mr. Callahan:

        As you know, on March 27, 2012, the Honorable Arthur D. Spatt, a United States District Judge, signed an order in the above referenced action (the "Receivership Order"), which and whereby the Court: (i) took exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Horizon Global Advisors, Ltd. and Horizon Global Advisors LLC (the "Horizon Companies"); (ii) placed the Horizon Companies in receivership; and (iii) appointed the undersigned as the Receiver of the estates of the Horizon Companies (the "Receiver"), and empowering the Receiver with all the powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Horizon Companies. A copy of that Order had been previously furnished to you and another copy is enclosed herewith.

        The terms and provisions of the Receivership Order, among other things, directs and orders:

        a.    "The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the [Horizon Companies], as well as those acting in their place, are hereby ordered and directed to preserved and turn over to the Receiver forthwith all papers and electronic information of, and/or relating to, the [Horizon Companies] and/or Receivership Property; such information shall include but not limited to books, records, documents, accounts and all other instruments and papers." (**_Receivership Order_** ¶ 8);

        b.    "Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise including via facsimile or

Brian F. Callahan
April 3, 2012
Page 2

e-mail transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendants or the misconduct described in the Complaint." (*Receivership Order* p. 5);

c.   "the Defendants and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall within five (5) days of receiving actual notice of this [Receivership] Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors, including but not limited to funds held at HSBC Bank of Bermuda" (*Receivership Order* p. 4);

d.   "All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the [Horizon Companies] that receive actual notice of this [Receivership] Order by personal service, facsimile transmission or otherwise shall:

   A.   Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the [Horizon Companies] except upon instructions from the Receiver'

   B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

   C.   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other assets, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

   D.   Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver (*Receivership Order* ¶ 17);

e.   "Within ten (10) days of the entry of this [Receivership] Order, the [Horizon Companies] shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated

Brian F. Callahan
April 3, 2012
Page 3

> value of the all Receivership Property; (b) all employees (and job titles
> thereof); other personnel, attorneys, accountants and any other agents or
> contractors of the [Horizon Companies]; and (c) the names, addresses and
> amount of claims of all known creditors of the [Horizon Companies]."
> (***Receivership Order*** *, ¶ 9);*

 f. "Within thirty (30) days of the entry of this [Receivership] Order, the
[Horizon Companies] shall file with the Court and serve upon the Receiver
and the Commission a sworn statement and accounting, with complete
documentation, covering the period from January 1, 2005 to the present:

  A. Of all Receivership Property, wherever located, held by or in the name
of the [Horizon Companies], or in which any of them, directly or
indirectly, has or had any beneficial interest, or over which any of
them maintained or maintains and/or exercised or exercises control,
including but not limited to: (a) all securities, investments, funds, real
estate, automobile, jewelry and other assets, stating the location of
each; and (b) bank, brokerage or other financial institution held by, in
the name of, or for the benefit of any of them, directly or indirectly, or
over which any of the them maintained or maintains and/or exercised
or exercises any direct or indirect control, or in which any of them had
or has a direct or indirect beneficial interest, including the account
statements from each bank, brokerage or other financial institution;

  B. Identifying every account at every bank, brokerage or other financial
institution: (a) over which [the Horizon Companies] have signatory
authority; and (b) opened by, in the name of, or for the benefit of, or
used by, the [Horizon Companies];

  C. Identifying all credit, bank, charge, debit or other deferred payment
card issued to or used by each [Horizon Companies], including but not
limited to the issuing institution, the card or account number(s), all
persons or entities to which a card was issued and/or with authority to
use a card, the balance of each account and/or card as of the most
recent billing statement, and all statements for the last twelve months;

  D. Of all assets received by and of them from any person or entity,
including the value, location, and disposition of any assets so received;

  E. Of all funds received by the [Horizon Companies], and each of them,
in any way related, directly or indirectly, to the conduct alleged in the
Commission's Complaint.  The submission must clearly identify,
among other things, all investors, the securities they purchased, the
date and amount of their investments, and the current location of such
funds;

Brian F. Callahan
April 3, 2012
Page 4

      F.  Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

      G.  Of all transfers of assets made by any of them." (***Receivership Order*** ¶ 10); and

   g.  "Within thirty (30) days of the entry of this Order, the [Horizon Companies] shall provide to the Receiver and the Commission copies of the [Horizon Companies'] federal income tax returns from January 1, 2004 with all relevant and necessary underlying documentation." (***Receivership Order*** ¶ 11).

All past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of the Horizon Companies, all other appropriate persons and entities, which includes but is not limited to, all persons and entities having control, custody or possession of any Receivership Property, wherever located, are hereby demanded to produce the following documents, information and things to the Receiver immediately unless a longer time period is set forth under the Receivership Order:

1.  All assets, bank accounts, brokerage accounts, and other financial accounts, books and records, general ledgers, account payable and receivable records, spreadsheets, payroll records, tax filings, forms and reports, and all other documents or instruments relating to the Horizon Companies;

2.  All personal property of the Horizon Companies, including but not limited, electronically stored information, computers, laptops, notebooks, servers, hard drives, thumb drives, flash drives, external storage drives, back-ups, cd-roms, dvd-roms, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, promissory notes, mortgages, certificate of deposits, stocks, bonds, debentures, and other securities and investments, contracts, furniture, office supplies and equipment, fixtures, occupancy agreements, leases, security agreements, keys, mail, copying machines, scanners, printers, software, logins and passwords, appointment books, calendars, phone books and address books, smartphones and blackberries, and all types of vehicles.

All of the communications and correspondence to and from the Horizon Companies, and all information, documents and things required to be produce to the Receiver, shall be sent to the Receiver, at:

      Steven Weinberg, Esq. as Receiver for
      Horizon Global Advisors, Ltd.
      and Horizon Global Advisors LLC.
      c/o Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.

Brian F. Callahan
April 3, 2012
Page 5

Attorneys at Law
11 Hanover Square, 4th Floor
New York, New York 10005

If you have any questions or require additional information, please write to the above address, call me at (212) 495-0100 ext. 226, or e-mail me at sweinberg@gottesmanlaw.com.

Very truly yours,

Steven Weinberg as Receiver
for Horizon Global Advisors, Ltd.
and Horizon Global Advisors LLC

Enc.

cc:     Dean M. Conway, Esq.
        United States Securities and Exchange Commission
        100 F Street, NE
        Washington, DC 20549
        Tel.: (202)551-4412
        Fax: (202)772-9362
        Email: conwayd@sec.gov

GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.

A Professional Corporation Incorporated in the State of New York

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL (1920-2010)
KENNETH W. MALAMY
LAWRENCE L. FLYNN
STEVEN WEINBERG
STEWART W. LEE ◊

———

RICHARD B. DEMAS
SUSANNA REQUETS ◊

◊ Also Admitted in New Jersey

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870

———

TELEPHONE (212) 495-0100
FACSIMILE (212) 480-9797

WRITERS E-MAIL:
slee@gottesmanlaw.com

IN REPLY REFER TO

14750

June 18, 2012

Brian Callahan
47 Clock Tower Lane
Westbury, New York 11568

           Re:   Notice of Order of Receivership and Stay
                 Securities and Exchange Commission v. Callahan
                 <u>U.S. District Court, E.D.N.Y., Civil Case No. 12 CV 1065</u>

Dear Mr. Callahan:

      PLEASE TAKE NOTICE that on June 4, 2012, the Honorable Arthur D. Spatt, a United States District Judge, "So Ordered" the Stipulation & Preliminary Injunction Order (the "Stipulation & Order") in the above referenced action, which and whereby, along with the Preliminary Injunction Order entered on March 27, 2012 (the "Preliminary Injunction Order"), the Court:

     (a)  took exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of:

          (i)     Horizon Global Advisors, Ltd.;
          (ii)    Horizon Global Advisors, LLC;
          (iii)   Diversified Global Investments (BVI), L.P. and formerly known as Horizon Global Investments, L.P.;
          (iv)   The Masters Global Fund, L.P.;
          (v)    Fiduciary Select Income Fund, L.P. and formerly known as Pangea Bridge Investment, L.P.;
          (vi)   Horizon Millennium Investments, L.P.; and
          (vii)  Pangea Offshore High Yield Portfolio, LLC

      (hereinafter referred as the "Receivership Entities")

     (b) placed the Receivership Entities in receivership; and

     (c) appointed Steven Weinberg, Esq. from this firm as the Receiver of the estates of the Receivership Entities (the "Receiver"), and empowering the Receiver with all the powers, authorities, rights and privileges heretofore possessed by

Brian Callahan
June 18, 2012
Page 2

the officers, directors, managers and general and limited partners of the Horizon Companies

PLEASE TAKE FURTHER NOTICE that both, the Stipulation & Order and the Preliminary Injunction Order (collectively, the "Receivership Orders") contain provisions that enjoin the defendants, their respective agents, servants, employees and attorneys, and those persons in active concert or participation with them, as well as third-parties and interested parties, from taking or continuing to take certain actions.  A copy of the Stipulation and Order, which has the Preliminary Injunction Order as an exhibit thereto, is enclosed herewith.  You may wish to review on your own or with an attorney the terms and provisions of the Receivership Orders.

All of correspondence, information and documents addressed to any of the Receivership Entities, and all payments for any obligations that are due and owing to any of the Receivership Entities, shall be sent to and made payable to the Receiver, at:

Steven Weinberg, Esq. as Receiver for
Horizon Global Advisors, Ltd.; Horizon Global Advisors, LLC;
Diversified Global Investments (BVI), L.P. f/k/a Horizon Global Investments, L.P.;
The Masters Global Fund, L.P.; Fiduciary Select Income Fund, L.P. f/k/a
Pangea Bridge Investment, L.P.; Horizon Millennium Investments, L.P.; and
Pangea Offshore High Yield Portfolio, LLC
c/o Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.
Attorneys at Law
11 Hanover Square, 4th Floor
New York, New York 10005

If you have any questions or require additional information, you may write to the Receiver at the above address, call the Receiver at (212) 495-0100 ext. 226, or e-mail the Receiver at sweinberg@gottesmanlaw.com.

Very truly yours,

Stewart W. Lee

Enc.
cc:    Robert Knuts, Esq.
       Park & Jensen LLP
       630 Third Avenue
       New York, NY 10017
       Tel.: (646) 200-6330
       Fax:  (646) 200-6331
       Email: rknuts@parkjensen.com

Brian Callahan
June 18, 2012
Page 3


Robert L. Herskovits, Esq.
Herskovits PLLC
1065 Avenue Of The Americas, 27th Floor
New York, NY 10018
Tel: (212) 897-5410
Fax: (646) 558-0239
Email: robert@herskovitslaw.com

Dean M. Conway, Esq.
United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Tel.: (202)551-4412
Fax: (202)772-9362
Email: conwayd@sec.gov