UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                               Plaintiff,

v.

BRIAN RAYMOND CALLAHAN, HORIZON GLOBAL ADVISORS LTD. and HORIZON GLOBAL ADVISORS, LLC, DIVERSIFIED GLOBAL INVESTMENTS (BVI) L.P., THE MASTERS GLOBAL FUND, L.P., FIDUCIARY SELECT INCOME FUND, L.P., HORIZON MILLENNIUM INVESTMENTS, L.P., PANGEA OFFSHORE HIGH YIELD PORTFOLIO, LLC, ADAM MANSON, DISTINCTIVE INVESTMENTS LLC, AND DISTINCTIVE VENTURES LLC;

                               Defendants,

SHERI MANSON CALLAHAN,

                               Relief Defendant.
------------------------------------------------------------------X

Case No. 12-CV-1065
(ADS/ETB)

## MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF THE FEES AND EXPENSES OF THE RECEIVER'S COUNSEL FOR THE INITIAL FIVE DAYS OF THE RECEIVERSHIP AND THE 2012 SECOND QUARTER

GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.
A PROFESSIONAL CORPORATION INCORPORATED IN THE STATE OF NEW YORK
ATTORNEYS FOR

### RECEIVER

11 HANOVER SQUARE
NEW YORK, N.Y. 10005
TEL. NO. (212) 495-0100
FAX NO. (212) 480-9797

**MEMORANDUM IN SUPPORT
OF MOTION FOR APPROVAL OF THE FEES AND EXPENSES
OF THE RECEIVER'S COUNSEL
FOR THE INITIAL FIVE DAYS OF THE RECEIVERSHIP
AND FOR THE 2012 SECOND QUARTER**

This Memorandum is respectfully submitted by Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C. ("Gottesman Wolgel"), as counsel for Steven Weinberg, the Court Appointed Receiver (the "Receiver") for Defendants HORIZON GLOBAL ADVISORS LTD. ("HGA Ltd."), HORIZON GLOBAL ADVISORS LLC ("HGA LLC"), DIVERSIFIED GLOBAL INVESTMENTS (BVI), L.P. ("Diversified Global") f/k/a Horizon Global Investments, L.P. ("Horizon Global"), THE MASTERS GLOBAL FUND, L.P. ("Masters Global"), FIDUCIARY SELECT INCOME FUND, L.P. ("Fiduciary Select") f/k/a Pangea Bridge Investment, L.P. ("Pangea Bridge"), HORIZON MILLENNIUM INVESTMENTS, L.P. ("Horizon Millennium"), and PANGEA OFFSHORE HIGH YIELD PORTFOLIO, LLC ("Pangea Offshore"), in support of the Motion for an Order approving the Fees and Expenses of the Receiver's Counsel, Gottesman Wolgel, for the initial five (5) days of the Receivership of the 2012 First Quarter and for the 2012 Second Quarter (the "Receiver's Motion") which covers the period of time of March 27, 2012 to March 31, 2012 and the months of April, May and June of 2012.

**FEE TIME PERIOD**

Upon the Receiver's appointment and during the first 96 days of the Receivership, the Receiver and his counsel have diligently performed the services set forth in the Order for appointment. The instant motion concerns interim fees for the Receiver's Counsel encompassing: (i) the five (5) initial days of the Receivership which were March 27,

1

2012 to and including March 31, 2012, and (ii) the 2012 Second Quarter which covered the period from April 1, 2012 to and including June 30, 2012 (the "Subject Quarterly Period").

## BACKGROUND FACTS

This Receivership arises from an enforcement proceeding commenced on March 5, 2012 by the United States Securities and Exchange Commission ("SEC") against Brian Raymond Callahan ("Callahan"), HGA LTD and HGA LLC in the U.S. District Court for the Eastern District of New York (the "Receivership Court") – Case No. 12-CV-1065 (the "SEC/Receivership Action") for misappropriation of investors' assets and violations of Securities Laws §17(a)(1)(2) and (3) of the Securities Act; §10(b) of the Exchange Act and §206(1) (2) and (4) of the Advisors Act.  In the Amended Complaint filed in the SEC/Receivership Action on May 31, 2012 (ECF Doc. 28), the SEC asserts that from 2005 to 2012, Defendant Callahan raised over $90 million (the "Investor Funds") from at least 45 investors (the "Investors") for at least five offshore funds, namely, Diversified Global, Masters Global, Fiduciary Select, Horizon Millennium and Pangea Offshore (collectively, the "Callahan Funds"), which he operated and controlled, directly or indirectly through HGA Ltd. and HGA LLC.  Among other relief, the SEC is seeking disgorgement, prejudgment interest and civil monetary penalties against the Defendants in the SEC/Receivership Action.

Defendant Callahan represented that the Investor Funds would be invested with New York-based hedge funds and would be liquid.  However, according the Amended Complaint, the vast majority of the Investor Funds were misappropriated and diverted to: (i) paying other investors seeking redemptions and other "Ponzi" like hallmarks; (ii)

financing the purchase of Defendant Callahan's primary residence and Montauk coop, (iii) financing the purchase and supporting the real estate acquisitions and ventures of Defendant Callahan's brother-in-law, Adam Manson ("Manson") and his various companies, including Distinctive Investments, LLC ("Distinctive Investments") and Distinctive Ventures, LLC ("Distinctive Ventures"), and (iv) supporting a storage facility and the real property where it is situated which are both owned by Defendant Callahan. Defendant Callahan failed to disclose to investors and potential investors that in 2009, following an investigation and proceeding by the Financial Industry Regulatory Authority ("FINRA"), Defendant Callahan consented to being permanently barred from associating with any FINRA member. The Amended Complaint also alleged that Callahan had commingled and pooled assets and funds of Investors, deliberately moving the Investor Funds from various accounts, off-shore accounts, insurance products and attorney escrow accounts, to disguise the source and origin of each asset and fund.

On March 27, 2012, on the motion made by the SEC, this Court signed an Order placing HGA LTD and HGA LLC (collectively, "HGA Fund Managers") into Receivership (the "Initial Receivership Order"). Pursuant to a Stipulation entered into by the SEC and Defendant Callahan, and "So Ordered" on June 4, 2012 (the "Fund Receivership Order"), the Receivership Court also placed the Callahan Funds into receivership with Steven Weinberg being the Receiver for both HGA Fund Managers and Callahan Funds (collectively, the "Receivership Entities"). The Initial Receivership Order and the Fund Receivership Order (collectively, the "Receivership Orders") enjoin and bar the defendants in the SEC/Receivership Action and certain other people and

3

entities from engaging in any activity to offer or sell securities, and from transferring or otherwise disposing of Receivership Assets and Receivership Property.

## LAW GOVERNING RECEIVER'S COMPENSATION

The Court has the discretion to determine the fees and expenses of the Receiver's professionals. In determining whether the fees and expenses requested by such professionals are reasonable, the Court should consider the complexity of the problem faced, the benefit of the services of the Receivership Estate, the quality of the work performed and the time records presented. *SEC v. Fifth Avenue Coach Lines, Inc.*, 364 F.Supp. 1220, 1222 (S.D.N.Y.1973). *See alsoe* *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994) *citing* *Crites, Inc. v. Prudential Life Ins. Co.*, 322 U.S. 408 (1944), and *SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). The Court may consider all of the factors involved in the particular receivership, including: (a) the results achieved, (b) the time, labor and skill required in the proper performance of the duties imposed on the receiver, (c) the fair value of such time, labor and skill measured by conservative business standards, and (d) the degree of efficiency with which the work is completed. *See Id. See also* *United States v. Code Prods. Corp.*, 362 F.2d. 559, 673 (3rd Cir. 1966); *Donovan v. Robbins*, 588 F.Supp. 1268, 1272 (N.D. Ill 1984). In balancing and weighing these factors, the district court should be mindful of the need to provide an incentive to execute the task given.

## THE RECEIVER'S COUNSEL

On March 27, 2007, pursuant to the Initial Receivership Order, this Court appointed the Receiver to marshal and liquidate the HGA Fund Managers – HGA Ltd. and HGA LLC. On June 4, 2012, pursuant to the Fund Receivership Order, the Court

enlarged the entities under the Receivership to include the Callahan Funds - Diversified Global, Masters Global, Fiduciary Select, Horizon Millennium and Pangea Offshore. The Receiver's fees are governed by the Billing Instructions for Receivers in Civil Actions commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"). At the time of the Receiver's appointment, the Receiver and Gottesman Wolgel agreed to a discounted hourly rate of: $250.00 per hour for the Receiver and the Members of Gottesman Wolgel, $175 per hour for the Associates of Gottesman Wolgel, and $75.00 per hour for Paralegals. This discounted rate represents a discount of over 20% of the Gottesman Wolgel's usual hourly rate in their private practice for commercial clients and for the firm's experience, and comports to the Billing Instructions for Receivers in Civil Actions commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"). The fees requested here also do not include time expended by Gottesman Wolgel's attorneys and staff but not charged, including, as an example, participation in meetings and conferences with the Receiver and the SEC and other instances where the time and efforts of the Receiver and its counsel simultaneously overlapped given in responding to investors and dealing with asset recovery.

Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C. is a New York and New Jersey law firm with over 90 years of diverse experience in litigation, transactional and appellate practice. Founded in 1920 as trial counsel for insurance, fidelity & surety companies, the firm's practice has grown to include commercial litigation, debt collection and recovery, mortgage foreclosures, construction law, bankruptcy and creditor's rights, banking and real estate transactions, asset based and unsecured financing, loan structuring and documentation, corporate formation, business disputes, employment law,

coverage opinions and declaratory judgments, receivership, and estate planning and administration.

The firm has been serving as local counsel for the United States Small Business Administration as Receiver of various Small Business Investment Companies and assisting the SBA Receiver in marshalling and liquidating assets of the receivership estate for the benefits of creditors for the past 25 years. This practice area includes enforcing and pursuing the rights, remedies and claims of the SBA as Receiver against third parties on promissory notes, subscription agreements, securities, debts, judgments, contracts, loans, foreclosures, sales of assets, debt restructuring, leases, title transfers, security interests, employment contracts and issues, fiduciary duties, prudent investor rules, and general partnership and corporate matters.

## CASE STATUS

The case status has been reported in the Receiver's Initial Report and Proposed Plan which was filed on July 3, 2012 (ECF Doc. 42). The following is intended to briefly summarize certain areas of interest for this Receivership. It is respectfully requested that this Court refer to the Receiver's Initial Report and Proposed Plan for a more detailed report of the Receivership.

A.  **Cash on Hand.**

As of the date of this Motion, the Receiver has $5,530,975.57 in cash on hand, deposited in a FDIC insured escrow account in the name of the Receivership (the "Receivership Account") and in accordance with this Court's Initial Receivership Order. This cash presently on deposit in the Receivership Account represents the Receivership Funds collected from Horizon Kinetics LLC/Kinetics Institutional Partners, L.P.,

6

Millennium USA, L.P., the Bank of America, and Citibank's Hedge Forum. The Receiver anticipates that the cash on hand will increase to $6,128,238.33 once it recovers $597,262.76 of Receivership Funds from Morgan Stanley Smith Barney. None of the aforesaid funds are encumbered.

B.   **Other Assets.**

In addition to the cash on hand described above, the Receivership continues to have assets with: (i) Morgan Stanley Smith Barney and Citibank's HedgeForum in the estimated sum of $27,263.00 allegedly representing non-liquid investments, and (ii) Millennium USA, L.P. in the sum of $472,994.00 which is being withheld as a general audit holdback and $51,871.00 which is also being withheld as a holdback for Lehman Brothers claims and expenses. There may also be additional Receivership Assets in an off-shore account which the Receiver has demanded that the Defendant Brian R. Callahan repatriate to the United States and turnover to the Receiver.

C.   **Administrative Expenses.**

For the Subject Quarterly Period, the accrued administrative expenses for the Receivership, which are the subject of this Motion were submitted to the SEC for their preliminary review and approval pursuant to the Initial Receivership Order and which are now subject to this Court's review and approval, are: (i) $37,050.00 as the Receiver's Fees, (ii) $69,007.50 as the Gottesman Wolgel's professional legal fees as the Receiver's Counsel, and (iii) $4,215.41 as disbursements and expenses made on the account of the Receivership.

### D. Summary.

The Subject Quarterly Period represents the first 96 days of the Receivership. In this brief period, the Receiver and his counsel have:

- notified all Defendants, interested persons and entities, of the Receivership and the injunctive provisions of the Receivership Orders, including the order and direction to preserve and turn over all Receivership Property.

- demanded all Defendants, interested persons and entities, repatriate and deposit any and all funds or assets of the Receivership that presently may be located outside of the United States.

- asserted interest and control over all Receivership Assets and Receivership Property, which included the filing of copies of the Initial Receivership Order and the Fund Receivership Order in twelve (12) U.S. District Courts covering judicial districts where the Receiver believes Receivership Assets and/or claims may be located.

- demanded all Defendants, interested persons and entities, produce all personal property, including the books and records, of the HGA Fund Managers.

- issued investigatory Subpoenas concerning properties owned by the Defendants, properties benefited by Investor Funds, bank records of the Callahan Funds, bank records of entities controlled or owned by Defendant Callahan.

- communicated with the majority of the Investors and compiled information concerning their investments with Callahan and the Callahan Funds.

- conducted investigation into the properties owned by the Defendants and identified any mortgages and liens thereon, including inspecting the Montauk Property.

- engaged in multiple discussions with certain Defendants or their attorneys as to assets and property for the use for recovery of Investor Funds.

- demanded the repayment of promissory notes containing Distinctive Investments' obligations to repay to Pangea Offshore, Diversified Global and Fiduciary Select an excess of $58 million in principal plus approximately another $14 million in interest.

8

The Receiver intends to conclude this Receivership as expeditiously and orderly as possible. The Receiver intends to propose a claims determination procedure to the Receivership Court by which investors and creditors will receive formal notice to submit a written claim and documentary support to the Receiver for the Receiver's evaluation and recommendation for the disposition of each claim received. The claims determination procedure will include giving notices to known investors and creditors and providing public notice by publication in newspapers of general circulation where unknown investors/creditors are likely to be located. Those procedures will also include a claims bar date by which all claims must be submitted to the Receiver or be forever barred and waived. Following the claims determination procedure, the Receiver will then propose a claims recommendation procedure by which the claims received by the Claims Bar Date will be approved or denied, in whole or in part, and a procedure by investors and creditors whose claims have been denied, can object and seek judicial review and summary disposition of the denied claim. As part of the proposed Claims Recommendation procedure, the Receiver will recommend the priority and manner in how the Receivership Estate's Assets shall be distributed.

In addition to the proposed procedures to identify the claimants of the Receivership Estate and for the disposition of such claims, the Receiver also intends to take such legal recourse to collect the debts owed to the Receivership Estate, and upon completing his evaluation, seize those Receivership Assets, Properties and Interests which are costs effective and worthwhile to seize, and seek permission to abandon those which will be unduly burdensome and too costly to pursue.

E.  **Liquidated and Unliquidated Claims.**

The Receiver's liquidated claims include those Receivership Assets in bank accounts held in the name of the Receivership Entities which have not yet been turned over to the Receiver, including moneys believed to be held at the HSBC Bank Bermuda Limited, and the promissory notes made and delivered by Distinctive Investments totaling in excess of $58 million plus approximately $14 million in interest. The Receiver's unliquidated claims include, but are not limited to, the moneys improperly diverted to the Panoramic View Project located in Montauk, New York, the cooperative unit owned by Defendant Brian R. Callahan at the Panoramic View, Defendant Brian R. Callahan's residence located at Old Westbury, New York and the storage facility business located in Cromwell, Connecticut. Unliquidated claims also include, but are not limited, to the approximately $30 million of redemptions issued to certain investors, and the fees received by third-party fund administrators. The Receiver anticipates the need for forensic accountants in evaluating and pursuing the Receiver's claims.

F.  **Pending and Active Litigation.**

There are no pending or active litigation at this time for which compensation and/or reimbursement of expenses is requested.

G.  **Billings.**

The total compensation being requested by the Receiver's Counsel for the Subject Quarterly Period is $73,222.91. This sum reflects $69,007.50 in fees and 388.40 hours of professional services, and $4,215.41 in expenses disbursed on the account of the Receiver and the Receivership Estate. Of the 388.40 hours: (a) 205.90 hours were from Stewart W. Lee, Esq. and Kenneth W. Malamy, Esq., who are Members of the Gottesman

10

Wolgel, which time were billed at the discounted rate of $250.00 per hour, (b) 44.00 hours were from Richard B. Demas, Esq., who is an Associate with Gottesman Wolgel, which time was billed at the discounted rate of $175.00 per hour, and (c) 131.10 hours were from Paralegals, which time were billed at the rate of $75.00 per hour. Gottesman Wolgel's invoice, which was submitted and filed with this motion, include detailed descriptions of each attorney's and paralegal's time, categorized by dates and subject matter – (i) Asset Analysis and Recovery, (ii) Asset Disposition, (iii) Business Operations, (iv) Case Administration, and (v) Claims Administration and Objections.

## CONCLUSION

The Receiver's Counsel, Gottesman Wolgel, respectfully requests that this Court: (a) find that the Receiver's Counsel has diligently and reasonably given the time, labor and skill required to effectively and efficiently represent and counsel the Receiver, (b) approve all of the fees and expenses set forth in EXHIBIT A of the Receiver Counsel's Certification of Compliance, to wit: $73,222.91, (c) authorized the Receiver to pay the Receiver's Counsel the approved fees and expenses, and (d) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 14, 2012

                                        Respectfully submitted:

                                        STEWART W. LEE
                                        Gottesman, Wolgel, Malamy,
                                        Flynn & Weinberg, P.C.
                                        11 Hanover Square, 4th Floor
                                        New York, New York 10005
                                        Tel.: (212) 495-0100
                                        E-Mail: slee@gottesmanlaw.com

*Attorneys for the Steven Weinberg as the Court Appointed Receiver for Horizon Global Advisors Ltd., Horizon Global Advisors LLC, Diversified Global Investments (BVI) L.P., the Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P., Horizon Millennium Investments, L.P. and Pangea Offshore High Yield Portfolio, LLC.*