# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

v.

BRIAN RAYMOND CALLAHAN,
HORIZON GLOBAL ADVISORS LTD.,
HORIZON GLOBAL ADVISORS LLC,
DIVERSIFIED GLOBAL INVESTMENTS
(BVI), L.P., THE MASTERS GLOBAL
FUND, L.P., FIDUCIARY SELECT INCOME
FUND, L.P., HORIZON MILLENNIUM
INVESTMENTS, L.P., PANGEA
OFFSHOREHIGH YIELD PORTFOLIO,
LLC, ADAM MANSON, DISTINCTIVE
INVESTMENTS LLC, and DISTINCTIVE
VENTURES LLC,

                    Defendants.

SHERI MANSON CALLAHAN,

                    Relief Defendant.

---------------------------------------------------------x

Civil Case No. 12-CV-1065
(ADS)(ETB)

**NOTICE OF REQUEST FOR
APPROVAL OF HAGUE
CONVENTION EVIDENCE
REQUEST**

Assigned to:
    Hon. Arthur D. Spatt, U.S.D.J.
    Hon. E. Thomas Boyle

## NOTICE OF REQUEST FOR APPROVAL
## OF HAGUE CONVENTION EVIDENCE REQUEST
## (CONIFER FUND SERVICES LTD.)

      Steven Weinberg, as the court appointed Receiver (the "Receiver") for Horizon Global

Advisors Ltd. ("HGA LTD"), Horizon Global Advisors LLC ("HGA LLC"), Diversified Global

Investments (BVI), L.P. ("Diversified Global") and formerly known as Horizon Global

Investments, L.P. ("Horizon Global"), The Masters Global Fund, L.P. ("Masters Global"),

Fiduciary Select Income Fund, L.P. ("Fiduciary Select") and formerly known as Pangea Bridge

Investment, L.P. ("Pangea Bridge"), Horizon Millennium Investments, L.P. ("Horizon

Millennium"), and Pangea Offshore High Yield Portfolio, LLC ("Pangea Offshore"),
respectfully requests that the Court sign and approve the attached Request for International
Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of
Evidence Abroad in Civil or Commercial Matters (the "Hague Request").

The subject request is made in connection with carrying out the Receiver's Court ordered duties
to locate and marshal assets of the Receivership,  as well as obtain the books, records and
information concerning HGA Ltd., HGA LLC, Diversified Global, Horizon Global, Masters
Global, Fiduciary Select, Pangea Bridge, Horizon Millennium and Pangea Offshore (collectively,
the "Receivership Entities").  The Receiver is seeking production of certain books, records and
documents from Conifer Fund Services Ltd. ("CFS"), who served as the fund administrator for
one or more of the Receivership Entities.  As the Receiver of these Receivership Entities, the
Receiver is entitled to seek and retains the legal right to obtain copies of these books, records and
documents, to the extent any pertains to the Receivership Entities.  Pursuant to this Court's
Orders, Defendant Callahan was directed and obligated to turn over these books, records and
documents to the Receiver, but despite repeated demands, has failed to do so.

CFS is an entity that is organized under the laws of the British Virgin Islands, and located
and domiciled in the British Virgin Islands, and therefore, has declined to voluntarily recognize
this Court's Orders and comply with the Receiver's demands and request to turnover books,
records and information for the Receivership Entities.  Though not an exclusive method, the
Hague Convention is an appropriate and tested method for pursuing the production of these
books, records and information from foreign entities such as CFS.  The information sought are
needed to identify and locate the assets, books and records of the Receivership Entities, cannot
be obtained within the United States, and other alternatives, to the extent that they exist and are

available, have been pursued to no avail, and are exhausted.  If the Receiver cannot obtain and access such information, its ability to effectively locate and marshal the Receivership Assets will be greatly debilitated.  For the foregoing reasons, the Receiver requests that the Court sign and approve the attached Hague Request (*See Appendix*), so that the Receiver's requests for documents and information to CFS may proceed under the Convention.

Dated: New York, New York
      March 19, 2013

                  Respectfully submitted,

                  STEWART W. LEE
                  Gottesman, Wolgel, Malamy,
                  Flynn & Weinberg, P.C.
                  11 Hanover Square, 4th Floor
                  New York, New York 10005
                  Tel.: (212) 495-0100
                  Fax: (212) 480-9797
                  E-Mail: slee@gottesmanlaw.com

                  *Attorneys for the Receiver*
                  *of Horizon Global Advisors, Ltd.,*
                  *Horizon Global Advisors LLC, Diversified*
                  *Global Investments (BVI), L.P. and formerly*
                  *known as Horizon Global Investments, L.P.,*
                  *The Masters Global Fund, L.P., Fiduciary*
                    *Select Income Fund, L.P. and formerly*
                  *known as Pangea Bridge Investment, L.P.;*
                  *Horizon Millennium Investments, L.P., and*
                  *Pangea Offshore High Yield Portfolio, LLC*

TO:    DEAN M. CONWAY, ESQ. (with enclosures)
        U.S. Securities and Exchange Commission
        *Attorneys for Plaintiff Securities and Exchange Commission*
        100 F. Street, N.E.,
        Washington, D.C. 20549
        Tel:  (202) 551-4412
        Fax: (202) 772-9362
        E-Mail: conwayd@sec.gov

ROBERT KNUTS, ESQ. (with enclosures)
Park & Jensen, LLP
*Attorneys for Defendant Brian Raymond Callahan*
630 Third Avenue
New York, New York 10017
Tel: (646) 200-6330
Fax: (646) 200-6331
E-Mail: rknuts@parkjensen.com

ROBERT L. HERSKOVITS, ESQ. (with enclosures)
Herskovits PLLC
*Attorneys for Defendant Brian Raymond Callahan*
1065 Avenue of the Americas
27th Floor
New York, New York 10018
Tel: (212) 897-5410
Fax: (646) 558-0239
E-Mail: robert@herskovitslaw.com

ANDREW J. FRISCH, ESQ. (with enclosures)
Law Offices of Andrew J. Frisch
*Attorneys for Defendant Adam Manson,*
*Distinctive Investments, LLC, and*
*Distinctive Ventures, LLC*
40 Fulton Street, 23rd Floor
New York, New York 10038
Tel: (212) 285-8000
Fax: (646) 304-0352
E-Mail: afrisch@andrewfrisch.com

MICHAEL TREMONTE, ESQ. (with enclosures)
Sher Tremonte LLP
*Attorneys for Defendant Sheri Callahan*
41 Madison Avenue, 41st Floor
New York, New York 10010
Tel: (212) 202-2600
Fax: (212) 202-4156
E-Mail: mtremonte@shertremonte.com

DAVID CAREY WOLL, ESQ. (with enclosures)
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6241

Fax: (718) 254-6481
E-Mail: david.woll@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

v.

BRIAN RAYMOND CALLAHAN,
HORIZON GLOBAL ADVISORS LTD.,
HORIZON GLOBAL ADVISORS LLC,
DIVERSIFIED GLOBAL INVESTMENTS
(BVI), L.P., THE MASTERS GLOBAL
FUND, L.P., FIDUCIARY SELECT INCOME
FUND, L.P., HORIZON MILLENNIUM
INVESTMENTS, L.P., PANGEA
OFFSHOREHIGH YIELD PORTFOLIO,
LLC, ADAM MANSON, DISTINCTIVE
INVESTMENTS LLC, and DISTINCTIVE
VENTURES LLC,

                  Defendants.

SHERI MANSON CALLAHAN,

                  Relief Defendant.

-------------------------------------------------------x

Civil Case No. 12-CV-1065
(ADS)(ETB)

**APPENDIX IN SUPPORT OF
NOTICE OF REQUEST FOR
APPROVAL OF HAGUE
CONVENTION EVIDENCE
REQUEST**

Assigned to:
      Hon. Arthur D. Spatt, U.S.D.J.
      Hon. E. Thomas Boyle

## APPENDIX IN SUPPORT OF NOTICE OF REQUEST FOR APPROVAL OF HAGUE CONVENTION EVIDENCE REQUEST

*Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

| | | |
|---|---|---|
| 1. | Sender | Office of the Clerk<br>United States District Court, Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, New York 11201<br>PH: (718) 613-2600 |
| 2. | Central Authority of the Requested State | The Registrar of the Supreme Court<br>c/o Sonya Young<br>Registrar, High Court<br>P.O. Box 418, Road Town,<br>Tortola, British Virgin Islands |
| 3. | Person to whom the executed request is to be returned | Stewart W. Lee, Esq.<br>Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.<br>11 Hanover Square, 4th Floor<br>New York, New York 10005<br>PH: (212) 495-0100 |

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

| | |
|---|---|
| Date | May 20, 2013 |
| Reason for urgency* | As set forth in detail in Sections 7 and 8, the timely production of the information requested herein is essential (1) to enable the Court and its appointed officer, the Receiver, to prosecute pending liability and/or avoidance claims, and to identify new claims, and (2) more broadly, to enable the Receiver, as an officer of the Court, to carry out his Court-ordered duties. |

---

* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED
APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

5.  *a*  Requesting judicial
         authority (Article 3,*a*))

| |
|---|
| United States District Court,<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, New York 11201<br>PH: (718) 613-2600 |

   *b*  To the competent
        authority of (Article 3, *a*))

| |
|---|
| The Registrar of the Supreme Court<br>c/o Sonya Young<br>Registrar, High Court<br>P.O. Box 418, Road Town,<br>Tortola, British Virgin Islands |

   *c*  Names of the case
        and any identifying
        number

| |
|---|
| Securities and Exchange Commission vs. Brian Raymond Callahan et al.; Civil Action No. 12-CV-1065 (ADS); Pending in the United States District Court for the Eastern District of New York. |

6.  Names and addresses of the
    parties and their representa-
    tives (including representa-
    tives in the requested State*)
    (Article 3, *b*))

   *a*  Plaintiff

| |
|---|
| Securities and Exchange Commission.  (It should be noted that this request is being made by a Court-appointed Receiver, see section 6(c) below.) |

       Representatives

| |
|---|
| Dean M. Conway, Esq.<br>U.S. Securities and Exchange Commission<br>100 F St., N.E., Washington, DC 20549-4010<br>PH: (202) 551-4412; conwayd@sec.gov |

   *b*  Defendant

| |
|---|
| Brian Raymond Callahan et al. see Exhibit 1. |

       Representatives

| |
|---|
| Robert Knuts, Esq. - Park & Jensen LLP<br>Attorney for Brian Raymond Calahan<br>630 Third Avenue, New York, New York 10017<br>PH: (646) 200-6330; rknuts@parkjensen.com |

   *c*  Other parties

| |
|---|
| Steven Weinberg, Esq., Court-Appointed Receiver. |

       Representatives

| |
|---|
| Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.<br>Stewart W. Lee, Esq.<br>11 Hanover Square, 4th Floor, New York, NY 10005<br>PH: (212) 295-0100; slee@gottesmanlaw.com |

* Omit if not applicable.

| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c)) | This request arises from a receivership instituted under the laws of the United States of America as part of an action filed by the Securities and Exchange Commission and described in Paragraph 5.c. above. |
|---|---|---|---|
| | b | Summary of complaint | Receivership of Horizon Global Advisors, Ltd., Horizon Global Advisors, LLC, Diversified Global Investments (BVI), L.P., The Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P., Horizon Millennium Investments, L.P., and Pangea Offshore High Yield Portfolio, LLC. |
| | c | Summary of defence and counterclaim* | |
| | d | Other necessary information or documents* | The Preliminary Injunction Freezing Assets and Granting Other Relief entered by Judge Spatt on March 27, 2012 (the "Receivership Order," attached hereto as Exhibit 3), states that the U.S. District Court for the Eastern District of New York has exclusive jurisdiction over the Receivership Assets.  See Exhibit 1. |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, d)) | An order directing Conifer Fund Services Ltd., having an office at Yamraj Building, Road Town, Tortola, British Virgin Islands, to produce all documents, information or objects requested in Exhibit 2. |
| | b | Purpose of the evidence or judicial act sought | To identify and locate assets of the Receivership and recover Receivership Property. |
| 9. | | Identity and address of any person to be examined (Article 3, e))* | Not applicable. |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, f))* | Not applicable. |

---

* Omit if not applicable.

11. Documents or other property to be inspected (Article 3, *g)*)*

> Production of all documents, information or objects requested in Exhibit 2.

12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h)*)*

> Not applicable.

13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i)* and 9)*

> Not applicable.

14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)*

> Notification of the time and place where the documents will be produced, shall be sent directly to:
> Gottesman, Wolgel, Malamy, Flynn & Weinberg P.C.,
> Attn: Stewart W. Lee, Esq.
> 11 Hanover Square, Fourth Floor
> New York, New York, 10005
> PH: (212) 495-0100
> Facsimile: (212) 480-9297
> Email: slee@gottesmanlaw.com

15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)*

> Not applicable.

---

* Omit if not applicable.

16. Specification of privilege
    or duty to refuse to give
    evidence under the law of
    the State of origin
    (Article 11, *b*))*

> Not applicable.

17. The fees and costs incurred
    which are reimbursable under
    the second paragraph of
    Article 14 or under
    Article 26 of the Convention
    will be borne by*

> The Receiver through:
> Gottesman, Wolgel, Malamy, Flynn & Weinberg
> P.C.,
> 11 Hanover Square, Fourth Floor
> New York, New York, 10005
> PH: (212) 495-0100
> Facsimile: (212) 480-9297

DATE OF REQUEST

> March 19, 2013

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY

-------------------------------------------------------------------

**Erase all entries**     **Print**

---

* Omit if not applicable.

**Exhibit 1**

**See 6(b): Defendants and Representation:**

*Attorneys for the Receiver of Horizon Global Advisors, Ltd.,*
*Horizon Global Advisors LLC, Diversified Global Investments (BVI), L.P.*
*and formerly known as Horizon Global Investments, L.P.,*
*The Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P.*
*and formerly known as Pangea Bridge Investment, L.P.,*
*Horizon Millennium Investments, L.P., and*
*Pangea Offshore High Yield Portfolio, LLC*

STEWART W. LEE
Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.
11 Hanover Square, 4th Floor
New York, New York 10005
Tel.: (212) 495-0100
Fax: (212) 480-9797
E-Mail: slee@gottesmanlaw.com


*Attorneys for Plaintiff Securities and Exchange Commission*

DEAN M. CONWAY, ESQ.
U.S. Securities and Exchange Commission
100 F. Street, N.E.,
Washington, D.C. 20549
Tel:  (202) 551-4412
Fax: (202) 772-9362
E-Mail: conwayd@sec.gov


*Attorneys for Defendant Brian Raymond Callahan*

ROBERT KNUTS, ESQ.
Park & Jensen, LLP
630 Third Avenue
New York, New York 10017
Tel: (646) 200-6330
Fax: (646) 200-6331
E-Mail: rknuts@parkjensen.com

ROBERT L. HERSKOVITS, ESQ.
Herskovits PLLC
1065 Avenue of the Americas
27th Floor
New York, New York 10018

Tel: (212) 897-5410
Fax: (646) 558-0239
E-Mail: robert@herskovitslaw.com


*Attorneys for Defendant Adam Manson, Distinctive Investments, LLC,*
*& Distinctive Ventures, LLC*

ANDREW J. FRISCH, ESQ.
Law Offices of Andrew J. Frisch
40 Fulton Street, 23rd Floor
New York, New York 10038
Tel: (212) 285-8000
Fax: (646) 304-0352
E-Mail: afrisch@andrewfrisch.com


*Attorneys for Defendant Sheri Callahan*

MICHAEL TREMONTE, ESQ.
Sher Tremonte LLP
41 Madison Avenue, 41st Floor
New York, New York 10010
Tel: (212) 202-2600
Fax: (212) 202-4156
E-Mail: mtremonte@shertremonte.com


*Attorneys for the United States of America*

DAVID CAREY WOLL, ESQ.
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6241
Fax: (718) 254-6481
E-Mail: david.woll@usdoj.gov

**See 7(d): Other necessary information or documents:**

The Proposed Stipulation and Preliminary Injunction Order entered by Judge Spatt on June 04, 2012 (the "Stipulation" attached hereto as Exhibit 3), states that the U.S. District Court for the Eastern District of New York "takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Diversified Global Investments (BVI), L.P.; The Masters Global Fund, L.P.; Fiduciary Select Income Fund, L.P., Horizon Millennium Investments, L.P.; and Pangea Offshore High Yield Portfolio, LLC."

**See 8(b): Purpose of the evidence or judicial act sought:**

The United States District Court for the Eastern District of New York has elected and taken "exclusive jurisdiction of the assets, of whatever kind and wherever situated", of Horizon Global Advisors, Ltd. and Horizon Global Advisors LLC (collectively, the "Fund Managers") pursuant to the Order issued on March 27, 2012 (the "Receivership and Injunction Order) by U.S. District Judge Arthur D. Spatt of the U.S. District Court for the Eastern District of New York (the "Receivership Court") in an action captioned:  ***U.S. Securities and Exchange v. Brian R. Callahan***, bearing the docket number 12 CV 1065 (the "Receivership Action") and Diversified Global Investment (BVI), L.P. formerly known as Horizon Global Investments, L.P., The Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P. formerly known as Pangea Bridge Investment, L.P., Horizon Millennium Investments, L.P., and Pangea Offshore High Yield Portfolio, LLC (collectively, the "Fund Entities") pursuant to the Stipulation and Order "So Ordered" on June 4, 2012 ("Stipulation & Order") by U.S. District Judge Arthur D. Spatt of Receivership Court in the same Receivership Action.

The Receivership Order directs that, upon presentment of the Order, "[a]ll banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall…[c]ooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver."

The Receiver is a Court officer, whose duties include, notably, collecting information and documents related to the Fund Managers and Fund Entities (collectively, the "Receivership Entities").  In particular, the Receiver has a duty to identify transfers from the Receivership Entities and bank accounts to third parties which should be returned to the Receivership Estate under the law of fraudulent transfer or other avoidance or liability laws.  Information related to such transfers is vital for the Receivership Action and preserving and marshaling the Receivership Assets.  Indeed, only such information can enable the Court's appointed officer, the Receiver, to fulfill his Court-ordered duty to pursue avoidance and liability claims.

CFS is in possession, custody and/or control of account statements, investor records, transactional records, tax records and other pertinent information and documents, through and in its role as a fund administrator of one or more of the Receivership Entities.

The fraudulent scheme set up by the Defendants dates back at the very least to the early 2000's.  Information covering at least the period from January 1, 2003 to the present is necessary in order to correctly trace the movement of the assets which should be part of the Receivership Estate and have been concealed elsewhere, or held by third parties, so that all available avoidance and liability proceedings can be identified and prosecuted.

The requested evidence is highly relevant to the Receiver's investigation of the nature and his efforts to procure assets.  Moreover, the requested evidence is critical to the Receiver's identification of additional persons or entities who received transfers from the Defendants of the fraudulently obtained investor funds.

The timely production of the requested information is necessary to enable the Receiver, as an officer of the Court, to carry out his Court-ordered duty to pursue liability and avoidance claims available to the Estate, and more broadly, to carry out his Court-ordered duties to take control of the Receivership Estate and to collect and marshal the records, funds, and assets under the control of the Receivership Estate or traceable to the Receivership Estate.

## Exhibit 2

YOU ARE HEREBY NOTIFIED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that the STEVEN WEINBERG as the court appointed Receiver ("Receiver") for Horizon Global Advisors, Ltd. ("HGA Ltd"), Horizon Global Advisors, LLC ("HGA LLC"), Diversified Global Investments (BVI), L.P. ("Diversified Global") and formerly known as Horizon Global Investments, L.P. ("Horizon Global"); The Masters Global Fund, L.P. ("Master Global"); Fiduciary Select Income Fund, L.P. ("Fiduciary Select") and formerly known as Pangea Bridge Investment, L.P. ("Pangea Bridge"); Horizon Millennium Investments, L.P. ("Horizon Millennium"); and Pangea Offshore High Yield Portfolio, LLC ("Pangea Offshore") in the above captioned action, commands the delivery, by and at the date, time and place specified, of copies of the documents, information and objects requested below that are in your possession, custody, or control.

## DEFINITIONS

The words "you" and "your" shall mean: (i) the person or entity upon whom these documents have been served, (ii) his/her/its Agents or Representatives, including counsel, (iii) its officers, managers, directors, parent company, subsidiaries, divisions, subdivision, predecessors, successors, trusts, affiliates, employees, partners, assigns, attorneys-in-fact, and independent contractors, as well as aliases, code names, trade names, or business names, used by, or formerly used, by an of the foregoing.

"Defendant Callahan" shall mean Brian Raymond Callahan, the defendant named in the subject SEC Action, and his Agents or Representatives, trusts, attorneys-in-fact, affiliates, alter-egos, aliases, code names, trade names, or business names.

"Defendant Manson" shall mean Adam J. Manson a/k/a Adam Manson, the defendant named in the subject SEC Action, and his Agents or Representatives, trusts, attorneys-in-fact, affiliates, alter-egos, aliases, code names, trade names, or business names.

"Funds" shall mean, severally or collectively: (a) Diversified Global Investments (BVI), L.P., (b) Horizon Global Investments, L.P., (c) The Masters Global Fund LP, (d) Fiduciary Select Income Fund, L.P., (e) Pangea Bridge Investments LP, (f) Horizon Millennium Investments, LP., (g) Pangea Offshore High Yield Portfolio, LLC and (h) all of their U.S. and non-U.S. parents, employees, agents, partners, assigns, attorneys-in-fact, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities.

"Callahan Controlled Entities" shall mean, severally or collectively, the Funds and any other entity or association with which Defendant Callahan is or has been involved; and all of their U.S. and non-U.S. parents, employees, agents, partners, assigns, attorneys-in-fact, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities, including but not limited to: (a) Horizon Global Advisors, Ltd., (b) Horizon Global Advisors, LLC; (c) Cromwell AAA Self Storage, LLC, (d) Ten Hillside Road, LLC, (e) Diversified Global Partners, Ltd., and (f) Horizon Global Partners, Ltd.

"Manson Controlled Entities" shall mean, severally or collectively, any entity or association with which Defendant Manson is or has been involved; and all of their U.S. and non-U.S. parents, employees, agents, partners, assigns, attorneys-in-fact, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities, including but not limited to: (a) Distinctive Management, LLC; (b) Distinctive Management Delaware, LLC; (c) Distinctive Investments, LLC; (d) Distinctive Ventures, LLC; (e) ABM Mgmt. Corp. a/k/a ABM Management Corp.; (f) 93 Old Montauk Owners, Inc.; and (g) 538 Dune Harbor Associates, LLC.

"Agents or Representative(s)" shall mean, collectively, your past and present attorneys, accountants, advisors or other persons directly or indirectly employed by you, and specifically including but not limited to officers, directors, managers, administrators, employees of your organization and those of any parent or subsidiary organization, persons under contract with you, or connected to you and your attorneys and anyone else otherwise subject to your control. "Possession, custody or control" as used herein means writings and things within the possession, custody or control of you and any agents or representatives of your organization and those of any parent or subsidiary organization, and shall include writings which you have the right to copy or have access to, and writings which have been placed in the temporary possession, custody or control of any third party by you or any of your representatives. A writing is deemed to be in your possession, custody or control if you have the right to secure the writing or a photocopy thereof from another person or entity having actual physical possession, custody or control thereof.

"Writings" shall have the meaning set forth in Rule 1001 of the Federal Rules of Evidence. "Writings" are defined there as consisting of letters, words or numbers, or their equivalent, set down by handwriting, typewriting, printing, photocopying, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

"Document" or "Documents" shall be used in its broadest sense and includes all: (i) Writings, typed, written and printed materials of any kind, (ii) digital, electronic, magnetic, photographic and graphic records and representations, including electronically stored information as that term is defined in Rule 34 of the Federal Rules of Civil Procedure, (iii) audio and video recordings, (iv) originals, copies, annotated copies, drafts, proofs, final versions, electronic data compilations, computer printouts, memos, electronic mail, text messages, webpages, presentations, calendars, diaries, notes, contracts, letters, telexes, telegrams, wires, telecopies, facsimiles, telephone messages, and other correspondence, (v) appraisals, research data, charts, lists, logs, spreadsheets, financial information or analyses, trading runs or blotters, confirmations, order tickets, statements, books, papers, files, notes, memoranda, reports, schedules, transcriptions, bills, budgets, and  invoices, and (v) any other physical and tangible embodiment of information and expression, however created, produced stored, maintained or communicated, including computer and storage disks and drives (or a hard copy of the data contained on such disks and drives), and other electronic media, microfilm, microfiche, servers, back-up servers, and storage devices.

"Communication" or "Communications" shall include all transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral, written, electronic, digital, or

magnetic, and includes without limitation: conversations, meetings, discussions, and correspondence of any nature or form, including mail, courier service, electronic media (such as electronic mail, text messages, twitter, facebook, skype, or facetime), telephone, cellular phone, pagers, wires, computers, or smartphones and blackberries.

"Person" as used herein means, without limitation, a natural person and any governmental agency or entity, and any other legal entity, and includes both the singular and plural.

## INSTRUCTIONS

A.      In responding to these requests, you are required to furnish true and complete copies of all information or documents that are available to you or subject to your reasonable inquiry, including information in your or in your agent's or representative's possession, custody, or control.  The documents needs to be produced either in the same manner, condition and order in how they are kept in the normal and ordinary course of business, or in the order as requested herein.  If copies of a document differ in any way, they are considered separate documents and you must send each one.

B.      You must make a diligent search of all of your records, and of other papers and materials in your possession or available to your agents or representatives, without limitation as to location of the records, papers, and materials.

C.      If any writings are withheld, identify the legal privilege pursuant to which your withholding is asserted; and identify the author, recipient, date and general description of the contents of the writings withheld.

D.      These requests are continuing in nature and require you to file supplemental responses within ten (10) days of receipt when you obtain further or different information after responding.

E.      If your response to any of the requests is that the information or document is not in your possession, custody or control as defined above, then:

      1.      Identify the information or document.

      2.      State the circumstances relating to the loss of possession, custody or control, including the approximate date of loss of possession, custody or control of the information or document, and the approximate date when and the location where its existence or whereabouts were last known.

      3.      Describe the effort you made in response to this Request to locate such information or document.

      4.      Identify the person who was responsible for the control of the information or document when its whereabouts were last in your possession, custody or control.

5.      To the best of your knowledge and belief, identify the person(s) who has control of the requested information or document, and state the location of the information or document, the address and daytime telephone number of the person who has possession, custody or control of the information or document.

F.      If your response to any of the requests is that the document is no longer in existence, then:

1.      State what disposition was made of it, for example, document destroyed, document purged from system.

2.      State the legal authority under which the document or information was so disposed of.

G.      <u>You must certify that the information and documents provided are true and correct copies of the information or documents maintained by you or your agents or representatives in the normal course of business.</u>

H.      <u>You must preserve, until further written notice from the Receiver, all documents and information in your or in your agents' or representatives' possession, custody or control that reflect, refer, related or pertain to the documents, information, things and matters sought by herein, regardless of whether the document, information, things and matter were produced or not produced.</u>

## SCOPE

Unless otherwise indicated, the time period applicable herein is January 1, 2003 through the date of your final response of this Request.

## DOCUMENTS AND INFORMATION REQUESTED

1.      All books, records and other documents received or prepared by you on behalf of the Funds, which includes but not limited to:

(a) Diversified Global Investments (BVI), L.P.;
(b) Horizon Global Investments, L.P.;
(c) The Masters Global Fund LP;
(d) Fiduciary Select Income Fund, L.P.;
(e) Pangea Bridge Investments LP;
(f) Horizon Millennium Investments, LP.; and
(g) Pangea Offshore High Yield Portfolio, LLC.

2.      All books, records, and other documents received or prepared by you on behalf of Defendant Callahan.

3.      All books, records and other documents received or prepared by you on behalf

of the Callahan Controlled Entities, including but not limited to:

    (a) Horizon Global Advisors, Ltd.;
    (b) Horizon Global Advisors, LLC;
    (c) Cromwell AAA Self Storage, LLC;
    (d) Ten Hillside Road, LLC;
    (e) Diversified Global Partners, Ltd.; and
    (f) Horizon Global Partners, Ltd.

4.    All books, records and other documents received or prepared by you on behalf of:

    (a) Distinctive Management, LLC;
    (b) Distinctive Management Delaware, LLC;
    (c) Adam Manson;
    (d) Sheri Manson a/k/a Sheri Callahan;
    (e) Barry Manson;
    (f) Beverly Manson;
    (g) Distinctive Investments, LLC;
    (h) Distinctive Ventures, LLC;
    (i) ABM Mgmt. Corp. a/k/a ABM Management Corp.;
    (j) 93 Old Montauk Owners, Inc.; and
    (k) 538 Dune Harbor Associates, LLC.

5.    All books, records and other documents received or prepared by you on behalf of investors of Defendant Callahan or the Funds, through or with the following entities or policies with the following entities:

    (a) Waterstreet Corporate Services Limited;
    (b) Citco Global Custody NV;
    (c) Pictet & Cie;
    (d) Extra Shield Insurance Company;
    (e) Safe Shore Insurance Company;
    (f) Vezo Investments;
    (g) Westminster, Hope & Turnberry;
    (h) Westminster High Yield Portfolio, LLC;
    (i) Westminster Alternative Investments, LLC;
    (j) Westminster Flagship Global LLC;
    (k) Westminster Horizon Global Investments, LLC;
    (l) Westminster Masters Hedged Portfolio, LLC;
    (m) Pangea High Yield Portfolio, LLC;
    (n) MKMA Reinsurance Ltd.;
    (o) Castle Re Insurance Company, Ltd.;
    (p) Five Oceans Life Insurance Company (SAC) Ltd.; and
    (q) Zero One Ltd.

6.  All investor registers, statutory filings, reports, minutes books, corporate records, statements, checks, drafts, wire transfer instructions, deposit slips, withdrawal slips, notices, signature cards, applications, resolutions, agreements, promissory notes, capital accounts, balance sheets, financial statements, and credit reports pertaining to or for accounts in the names of the Funds or controlled by the Funds, which includes but not limited to:

    (a)  Diversified Global Investments (BVI), L.P.;
    (b)  Horizon Global Investments, L.P.;
    (c)  The Masters Global Fund LP;
    (d)  Fiduciary Select Income Fund, L.P.;
    (e)  Pangea Bridge Investments LP;
    (f)  Horizon Millennium Investments, LP.;
    (g)  Pangea Offshore High Yield Portfolio, LLC;

7.  All investor registers, statutory filings, reports, minutes books, corporate records, statements, checks, drafts, wire transfer instructions, deposit slips, withdrawal slips, notices, signature cards, applications, resolutions, agreements, promissory notes, capital accounts, balance sheets, financial statements, and credit reports pertaining to or for accounts in the names of the Callahan Controlled Entities, which includes but not limited to:

    (a)  Horizon Global Advisors, Ltd.;
    (b)  Horizon Global Advisors, LLC;
    (c)  Cromwell AAA Self Storage, LLC;
    (d)  Ten Hillside Road, LLC;
    (e)  Diversified Global Partners, Ltd.; and
    (f)  Horizon Global Partners, Ltd.

8.  All Documents relating to Communications pertaining to cash reconciliation, trade positions, investment position, equity position, rate of return, net asset value, profits and losses, management fees, incentive allocation, price portfolio, distributions and expenditures, accounting, third-party fees, investors statements, capital accounts, audits, subscriptions, redemptions, directors meetings, shareholder meetings, authorized signatories and persons, wire transfers, debits, financial statements, and administration, for the Funds or the Callahan Controlled Entities.

9.  All Documents relating to Communications with Defendant Brian Raymond Callahan.

**Exhibit 3**

Case 2:12-cv-01065-JMA-AYS    Document 96    Filed 03/19/13    Page 23 of 54 PageID #: 4534

Case 2:12-cv-01065-ADS-ETB    Document 33    Filed 06/04/12    Page 1 of 31 PageID #: 2916
Case 2:12-cv-01065-ADS-ETB    Document 29    Filed 05/31/12    Page 1 of 31 PageID #: 2878

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★    JUN 0 4 2012    ★

LONG ISLAND OFFICE

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BRIAN RAYMOND CALLAHAN ET AL., | ) ) ) |
| Defendants. | ) ) ) ) |

Civil Action No. 12-cv-1065 (ADS)

[PROPOSED] STIPULATION AND PRELIMINARY INJUNCTION ORDER

On consent of plaintiff Securities and Exchange Commission (the "Commission") and

Defendants Diversified Global Investments (BVI), L.P.; The Masters Global Fund, L.P.;

Fiduciary Select Income Fund, L.P.; Horizon Millennium Investments, L.P.; and Pangea

Offshore High Yield Portfolio, LLC (collectively, the "Fund Defendants") the parties agree and

the Court orders as follows:

I.

IT IS HEREBY ORDERED that, until such time as a final judgment is entered in this

action, the Fund Defendants and each of their respective agents, servants, employees and

attorneys and those persons in active concert or participation with them who receive actual notice

of this Order by personal service or otherwise, including facsimile transmission or overnight

delivery service, are preliminarily restrained from violating Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17

C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 24 of 54 PageID #: 4535

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 2 of 31 PageID #: 2917
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 2 of 31 PageID #: 2879

of interstate commerce or of the mails or of any facility of any national securities exchange,

(a)   employing any device, scheme or artifice to defraud;

(b)   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## II.

IT IS HEREBY FURTHER ORDERED that, until such time as a final judgment is entered in this action, that the Fund Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or

2

Case 2:12-cv-01065-JMA-AYS    Document 96    Filed 03/19/13    Page 25 of 54 PageID #: 4536

Case 2:12-cv-01065-ADS-ETB    Document 33    Filed 06/04/12    Page 3 of 31 PageID #: 2918
Case 2:12-cv-01065-ADS-ETB    Document 29    Filed 05/31/12    Page 3 of 31 PageID #: 2880

would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this

Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and

wherever situated, of Diversified Global Investments (BVI), L.P.; The Masters Global Fund,

L.P.; Fiduciary Select Income Fund, L.P.; Horizon Millennium Investments, L.P.; and Pangea

Offshore High Yield Portfolio, LLC and that, pending final disposition of this action or such

further order of the Court, Steven Weinberg of Gottesman, Wolgel, Malamy, Flynn & Weinberg,

P.C., who was appointed Receiver by the Court's Preliminary Injunction Order entered on March

27, 2012 (ECF No. 22), shall serve as Receiver over the Fund Defendants pending final

disposition of this action pursuant to all the terms stated in the Court's Preliminary Injunction

Order, which is attached hereto as Exhibit A and fully incorporated into this Order by reference.

Executed on behalf of the parties by:

| SECURITIES AND EXCHANGE COMMISSION<br><br>By: _Dean M. Conway_   5/31/12<br>    Dean M. Conway | DIVERSIFIED GLOBAL INVESTMENTS (BVI), L.P.; THE MASTERS GLOBAL FUND, L.P.; FIDUCIARY SELECT INCOME FUND, L.P.; HORIZON MILLENNIUM INVESTMENTS, L.P.; AND PANGEA OFFSHORE HIGH YIELD PORTFOLIO, LLC<br><br>By: _Brian Raymond Callahan_<br>    BRIAN RAYMOND CALLAHAN<br>Director of Diversified Global Partners, Ltd., General Partner of Horizon Millennium Investments, L.P., The Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P., Diversified Global Investments (BVI), L.P. and Director and Member of Pangea Offshore High Yield Portfolio, LLC |

3

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 26 of 54 PageID #: 4537

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 4 of 31 PageID #: 2919
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 4 of 31 PageID #: 2881

SO ORDERED:

_____
HONORABLE ARTHUR DONALD SPATT
UNITED STATES DISTRICT JUDGE

6/4/12

4

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 27 of 54 PageID #: 4538

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 5 of 31 PageID #: 2920
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 5 of 31 PageID #: 2882

# EXHIBIT A

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 28 of 54 PageID #: 4539

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 6 of 31 PageID #: 2921
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 6 of 31 PageID #: 2883

Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 1 of 26 PageID #: 2808
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 1 of 26 PageID #: 2566

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   ┆ ⁙ ⁙ ⁙ 2012   ★

LONG ISLAND OFFICE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BRIAN RAYMOND CALLAHAN, HORIZON GLOBAL ADVISORS LTD. and HORIZON GLOBAL ADVISORS LLC, | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 12-cv-1065 (ADS)

## [PROPOSED] PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF

This matter came before the Court pursuant to the Court's March 5, 2012 order

requiring Defendants Brian R. Callahan ("Callahan"), Horizon Global Advisors Ltd. ("HGA")

and Horizon Global Advisors LLC ("HGA LLC") (collectively the "Defendants") to show cause

why the Court should not enter a preliminary injunction extending the asset freeze and other

ancillary relief provided in the temporary restraining order entered at the request of plaintiff

Securities and Exchange Commission ("the Commission") on March 5, 2012. Having

considered the papers and exhibits submitted by the parties and having heard argument by the

parties at the show cause hearing on March 26, 2012, the Court finds that the Court has

jurisdiction over Defendants and the subject matter of this action and that the appointment of a

receiver in this action is necessary and appropriate for the purposes of marshaling and preserving

all assets of the Defendants. Accordingly, the Court hereby grants the preliminary injunction and

orders as follows:

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 29 of 54 PageID #: 4540

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 7 of 31 PageID #: 2922
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 7 of 31 PageID #: 2884
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 2 of 26 PageID #: 2809
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 2 of 26 PageID #: 2567

## I.

**IT IS HEREBY ORDERED** that that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## II.

**IT IS HEREBY FURTHER ORDERED** that that the Defendants and each of their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 30 of 54 PageID #: 4541

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 8 of 31 PageID #: 2923
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 8 of 31 PageID #: 2885
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 3 of 26 PageID #: 2810
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 3 of 26 PageID #: 2568

communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

    (c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their

respective agents, servants, employees and attorneys and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

including via facsimile or email transmission, or overnight delivery service, are preliminarily

restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940

("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any

means or instrumentality of interstate commerce to:

    (a) employ any device, scheme, or artifice to defraud any client or perspective client; or

    (b) engage in any transaction, practice, or course of business which operates as a fraud or

deceit upon any client or prospective client.

### IV.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their

respective agents, servants, employees and attorneys and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

3

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 9 of 31 PageID #: 2924
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 9 of 31 PageID #: 2886
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 4 of 26 PageID #: 2811
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 4 of 26 PageID #: 2569

including via facsimile or email transmission, or overnight delivery service, are preliminarily

restrained from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder by,

directly or indirectly, using the mails or any means or instrumentality of interstate commerce to

engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative,

including

     (a) to make any untrue statement of a material fact or omit to state a material fact

        necessary to make the statements made, in the light of the circumstances under which

        they were made, not misleading, to any investor or prospective investor in a pooled

        investment vehicle; or

     (b) to otherwise engage in any act practice or course of business that is fraudulent,

        deceptive, or manipulative with respect to any investor or prospective investor in a

        pooled investment vehicle.

**V.**

    **IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers,

agents, servants, employees and attorneys, and those persons in active concert or participation

with them who receive actual notice of this Order by personal service or otherwise, including via

facsimile or email transmission, or overnight delivery service, and each of them, shall, within

five (5) days of receiving actual notice of this Order, take such steps as are necessary to

repatriate and deposit into the registry of the Court in an interest bearing account, any and all

funds or assets that presently may be located outside of the United States that were obtained

directly or indirectly from investors, including but not limited to funds held at HSBC Bank

Bermuda.

Case 2:12-cv-01065-JMA-AYS    Document 96    Filed 03/19/13    Page 32 of 54 PageID #: 4543
Case 2:12-cv-01065-ADS-ETB    Document 33    Filed 06/04/12    Page 10 of 31 PageID #: 2925
Case 2:12-cv-01065-ADS-ETB    Document 29    Filed 05/31/12    Page 10 of 31 PageID #: 2887
Case 2:12-cv-01065-ADS-ETB    Document 22    Filed 03/27/12    Page 5 of 26 PageID #: 2812
Case 2:12-cv-01065-ADS-ETB    Document 20-4    Filed 03/22/12    Page 5 of 26 PageID #: 2570

**VI.**

IT IS HEREBY FURTHER ORDERED that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby preliminarily prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

**VII.**

IT IS HEREBY FURTHER ORDERED that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendants or the misconduct described in the Complaint.

**VIII.**

IT IS HEREBY FURTHER ORDERED that

1.       This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants: Horizon Global Advisors Ltd. and Horizon Global Advisors LLC (collectively, the "Receivership Defendants").

2.       Until further Order of this Court, Steven Weinberg

Gottesman, Wolgel, Malamy, Flynn +
Weinberg, P.C.
11 Hanover Square
New York, NY 10005-2870
phone (212) 495-0100
email sweinberg@gottesmanlaw.com

5

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 33 of 54 PageID #: 4544
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 11 of 31 PageID #: 2926
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 11 of 31 PageID #: 2888
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 6 of 26 PageID #: 2813
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 6 of 26 PageID #: 2571

is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants.

## I. Asset Freeze

3.      "Receivership Assets" are hereby defined as all assets titled in the name of the Receivership Defendants.  ~~"Recoverable Assets" are hereby defined as all assets that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; (c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be includable as assets of the estates of the Defendants.~~  Except as otherwise specified herein, all Receivership Assets and ~~Recoverable Assets~~ are frozen until further order of this Court.  Accordingly, all persons and entities with direct or indirect control over any assets frozen by this Order Receivership Assets and/or any ~~Recoverable Assets~~, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets. ~~This freeze shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds including, but not limited to, those assets identified in the attached Exhibit A.~~

As to the 47 Clock Tower Lane property, identified in Exhibit A, the instant freeze will remain in effect for 45 days from the date of this Order, this in no way limits subsequent actions by the Commission or the Receiver with regard to this property. Defendant Callahan shall provide a copy of this Order to Sheri Manson

→ ~~Notwithstanding anything to the contrary herein, this freeze shall include~~ all of the funds and other assets of the Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to those assets identified in the attached Exhibit A.

## II. General Powers and Duties of Receiver

4.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity

6

Defendant Callahan shall be permitted to make the April 2012 mortgage payment from the Citizens Bank account in the name, Cromwell AAA Self Storage, account no. xxxx1928, not to exceed $21,000 for the property associated with Cromwell AAA Self Storage. Defendant Callahan shall provide proof of this payment to the Commission within five business days of the payment.

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 34 of 54 PageID #: 4545
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 12 of 31 PageID #: 2927
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 12 of 31 PageID #: 2889
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 7 of 26 PageID #: 2814
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 7 of 26 PageID #: 2572

Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

5.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of their claims.

6.      No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants.

7.      Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

A.      To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.      To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 35 of 54 PageID #: 4546

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 13 of 31 PageID #: 2928
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 13 of 31 PageID #: 2890

Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 8 of 26 PageID #: 2815
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 8 of 26 PageID #: 2573

C.  To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

D.  To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.  To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

F.  To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.  To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.  The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.  To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.  To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.  To take such other action as may be approved by this Court.

### III. Access to Information

8.  The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to

8

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 36 of 54 PageID #: 4547

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 14 of 31 PageID #: 2929
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 14 of 31 PageID #: 2891

Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 9 of 26 PageID #: 2816
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 9 of 26 PageID #: 2574

the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9.  Within ten (10) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants.

10.  Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with complete documentation, covering the period from January 1, 2005 to the present:

> A.  Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

> B.  Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

9

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 37 of 54 PageID #: 4548
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 15 of 31 PageID #: 2930
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 15 of 31 PageID #: 2892
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 10 of 26 PageID #: 2817
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 10 of 26 PageID #: 2575

C.   Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.   Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.   Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G.   Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

H.   Of all transfers of assets made by any of them.

11.   Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for January 1, 2004 with all relevant and necessary underlying documentation.

12.   The Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery

10

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 38 of 54 PageID #: 4549
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 16 of 31 PageID #: 2931
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 16 of 31 PageID #: 2893
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 11 of 26 PageID #: 2818
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 11 of 26 PageID #: 2576

requests in accordance with the Federal Rules of Civil Procedure.

13.     To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.     The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV. Access to Books, Records and Accounts

15.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

16.     The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

17.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

11

Case 2:12-cv-01065-JMA-AYS    Document 96    Filed 03/19/13    Page 39 of 54 PageID #: 4550

Case 2:12-cv-01065-ADS-ETB    Document 33    Filed 06/04/12    Page 17 of 31 PageID #: 2932
Case 2:12-cv-01065-ADS-ETB    Document 29    Filed 05/31/12    Page 17 of 31 PageID #: 2894
Case 2:12-cv-01065-ADS-ETB    Document 22    Filed 03/27/12    Page 12 of 26 PageID #: 2819
Case 2:12-cv-01065-ADS-ETB    Document 20-4    Filed 03/22/12    Page 12 of 26 PageID #: 2577

A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.    Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. Access to Real and Personal Property

18.    The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

19    The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such

12

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 40 of 54 PageID #: 4551

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 18 of 31 PageID #: 2933
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 18 of 31 PageID #: 2895
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 13 of 26 PageID #: 2820
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 13 of 26 PageID #: 2578

premises; or, (c) destroying, concealing or erasing anything on such premises.

20.    In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21.    The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.    Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI.  Notice to Third Parties

23.    The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.    All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for

13

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 41 of 54 PageID #: 4552
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 19 of 31 PageID #: 2934
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 19 of 31 PageID #: 2896
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 14 of 26 PageID #: 2821
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 14 of 26 PageID #: 2579

such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates.   All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The Receivership Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendants.  The Receivership Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

14

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 42 of 54 PageID #: 4553
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 20 of 31 PageID #: 2935
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 20 of 31 PageID #: 2897
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 15 of 26 PageID #: 2822
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 15 of 26 PageID #: 2580

27.    Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28.    The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

### VII. Injunction Against Interference with Receiver

29.    The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.    Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness,

15

Case 2:12-cv-01065-JMA-AYS    Document 96    Filed 03/19/13    Page 43 of 54 PageID #: 4554

Case 2:12-cv-01065-ADS-ETB    Document 33    Filed 06/04/12    Page 21 of 31 PageID #: 2936
Case 2:12-cv-01065-ADS-ETB    Document 29    Filed 05/31/12    Page 21 of 31 PageID #: 2898
Case 2:12-cv-01065-ADS-ETB    Document 22    Filed 03/27/12    Page 16 of 26 PageID #: 2823
Case 2:12-cv-01065-ADS-ETB    Document 20-4    Filed 03/22/12    Page 16 of 26 PageID #: 2581

security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

30.    The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

31.    The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.    Stay of Litigation

32.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.    The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.    All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is

16

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 44 of 54 PageID #: 4555

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 22 of 31 PageID #: 2937
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 22 of 31 PageID #: 2899
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 17 of 26 PageID #: 2824
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 17 of 26 PageID #: 2582

tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.  Managing Assets

35.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of HGA LTD and HGA LLC; *SEC v. Brian R. Callahan et al.*, 12-cv-1065 (E.D.N.Y.)."

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-

17

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 45 of 54 PageID #: 4556

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 23 of 31 PageID #: 2938
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 23 of 31 PageID #: 2900
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 18 of 26 PageID #: 2825
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 18 of 26 PageID #: 2583

down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

### X. Investigate and Prosecute Claims

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

43.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges,

18

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 46 of 54 PageID #: 4557

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 24 of 31 PageID #: 2939
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 24 of 31 PageID #: 2901

Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 19 of 26 PageID #: 2826
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 19 of 26 PageID #: 2584

including the attorney-client privilege, held by all entity Receivership Defendants.

45.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI. Bankruptcy Filing

46.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants. If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XII. Liability of Receiver

48.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

49.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their

19

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 47 of 54 PageID #: 4558

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 25 of 31 PageID #: 2940
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 25 of 31 PageID #: 2902
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 20 of 26 PageID #: 2827
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 20 of 26 PageID #: 2585

good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

50.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

51.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XIII.  Recommendations and Reports

52.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

53.     Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

54.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

55.     The Quarterly Status Report shall contain the following:

20

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 48 of 54 PageID #: 4559

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 26 of 31 PageID #: 2941
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 26 of 31 PageID #: 2903
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 21 of 26 PageID #: 2828
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 21 of 26 PageID #: 2586

A.   A summary of the operations of the Receiver;

B.   The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.   A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.   A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.   A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.   A list of all known creditors with their addresses and the amounts of their claims;

G.   The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

56.   On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV. Fees, Expenses and Accountings

57.   Subject to Paragraphs 58 – 64 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary

21

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 49 of 54 PageID #: 4560

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 27 of 31 PageID #: 2942
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 27 of 31 PageID #: 2904
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 22 of 26 PageID #: 2829
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 22 of 26 PageID #: 2587

course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

58. Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

59. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

60. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

61. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

62. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts

22

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 50 of 54 PageID #: 4561

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 28 of 31 PageID #: 2943
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 28 of 31 PageID #: 2905
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 23 of 26 PageID #: 2830
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 23 of 26 PageID #: 2588

held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

63.   Each Quarterly Fee Application shall:

A.   Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.   Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

64.   At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IX.**

**IT IS HEREBY FURTHER ORDERED** that this preliminary injunction supersedes the temporary restraining order issued on March 5, 2012 and shall remain in effect until final judgment except as amended or withdrawn by further order of the Court.

_____
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2012

23

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 51 of 54 PageID #: 4562

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 29 of 31 PageID #: 2944
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 29 of 31 PageID #: 2906

Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 24 of 26 PageID #: 2831
Case 2 12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 24 of 26 PageID #: 2589

*SEC v. Callahan et al.*
**[Proposed] Preliminary Injunction**
**Freezing Assets and Granting Other Relief**

### EXHIBIT A

**Accounts**

| Financial Institution | Account Name | Account Number |
|---|---|---|
| VP Bank and Trust Company (BVI) Limited | Horizon Global Investments, L.P. | A/C # █████1.760 |
| VP Bank and Trust Company (BVI) Limited | Horizon Millennium Investments L.P. | A/C # █████2.430 |
| VP Bank and Trust Company (BVI) Limited | Fiduciary Select Income Fund L.P. | A/C # █████4.430 |
| VP Bank and Trust Company (BVI) Limited | The Masters Global Fund L.P. | A/C # █████3.120 |
| VP Bank and Trust Company (BVI) Limited | Ardenne Investments, LLC | A/C # █████0.010 |
| VP Bank and Trust Company (BVI) Limited | Invictus LLC | A/C # █████0.300 |
| VP Bank and Trust Company (BVI) Limited | SCB Trust | A/C # █████9.920 |
| VP Bank and Trust Company (BVI) Limited | Tarawa Overseas Investment LLC | A/C # █████0.000 |
| HSBC Bermuda (formerly The Bank of Bermuda Limited) | Waterstreet Corporate Services Limited/Client Funds Account | USD S/A █████9-563 |
| HSBC Bermuda (formerly The Bank of Bermuda Limited) | Waterstreet Corporate Services Limited | USD S/A █████9-501 |
| Firstcaribbean International Bank | Ziemba | █████2881 |
| Bank of America | Brian R Callahan | █████7009 |
| Bank of America | Brian R Callahan | █████1895 |
| Bank of America | Brian R Callahan | █████8899 |
| Bank of America | Pangea Offshore High Yield Portfolio LLC | █████3074 |

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 52 of 54 PageID #: 4563

Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 30 of 31 PageID #: 2945
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 30 of 31 PageID #: 2907

Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 25 of 26 PageID #: 2832
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 25 of 26 PageID #: 2590

*SEC v. Callahan et al.*
**[Proposed] Preliminary Injunction**
**Freezing Assets and Granting Other Relief**

## EXHIBIT A

| | | |
|---|---|---|
| Bank of America | Pangea Offshore High Yield Portfolio LLC | ▆▆▆▆5322 |
| Bank of America | Horizon Global Advisors LLC | ▆▆▆▆1957 |
| Bank of America | Brian R Callahan Sheri Manson | ▆▆▆▆7745 |
| Bank of America | Brian R Callahan or Sheri Manson | ▆▆▆▆8943 |
| JP Morgan Chase | Panoramic Villas Escrow Savings Account Barry Manson/Brian Callahan | ▆▆▆▆5113 |
| Charles Schwab | Brian Raymond Callahan | ▆▆▆1774 |
| Citizens Bank | Cromwell AAA Self Storage LLC | ▆▆▆1928 |
| Gibraltar | Brian Callahan | ▆▆8906 |
| Millennium Management LLC | Horizon Millennium Investments, L.P. | *n/a* |
| Morgan Stanley | The Masters Global Fund, L.P. | ▆▆234C |
| Smith Barney/Citigroup | Horizon Global Investments | ▆▆024c |
| Smith Barney/Citigroup | Horizon Large Cap Value | ▆▆023c |
| Horizon Kinetics LLC | Diversified Global Investments (BVI), L.P. | *n/a* |

**Cars**
2010 Land Rover Range Rover Sport Lux; Vin: Salsk2d40aa255716
2007 Land Rover Range Rover Sport Hse; Vin: Salsk25487a107868

**Real property**
10 Hillside Road, Cromwell, CT 06416-2055
272 Old Montauk Hwy., Cooperative Unit Salt Sea #4, Montauk, NY 11954
47 Clock Tower Ln, Old Westbury, NY 11568

**Assets of the Following Entities:**

Cromwell AAA Self Storage
Diversified Global Investments (BVI), L.P.
Diversified Global Partners Ltd.
Fiduciary Select Income Fund L.P.
10 Hillside Road LLC
Horizon Global Advisors (BVI)

Page 2 of 3

Case 2:12-cv-01065-JMA-AYS   Document 96   Filed 03/19/13   Page 53 of 54 PageID #: 4564
Case 2:12-cv-01065-ADS-ETB   Document 33   Filed 06/04/12   Page 31 of 31 PageID #: 2946
Case 2:12-cv-01065-ADS-ETB   Document 29   Filed 05/31/12   Page 31 of 31 PageID #: 2908
Case 2:12-cv-01065-ADS-ETB   Document 22   Filed 03/27/12   Page 26 of 26 PageID #: 2833
Case 2:12-cv-01065-ADS-ETB   Document 20-4   Filed 03/22/12   Page 26 of 26 PageID #: 2591

*SEC v. Callahan et al.*
[Proposed] Preliminary Injunction
Freezing Assets and Granting Other Relief

## EXHIBIT A

Horizon Global Advisors LLC
Horizon Global Advisors, Ltd.
Horizon Global Investments, L.P.
Horizon Global Partners, Ltd.
Horizon Millennium Investments L.P.
Pangea Bridge Investments L.P.
Pangea Global Opportunities Portfolio
Pangea Offshore High Yield Portfolio, LLC
The Masters Global Fund L.P.
Westminster Alternative Investments, LLC
Westminster Flagship Global LLC
Westminster Horizon Global Investments, LLC
Westminster Masters Hedged Portfolio, LLC
Westminster High Yield Portfolio, LLC

*Index No.*           Civil Case No. 12 CV 1065 (ADS/ETB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                              Plaintiff,

- against -

BRIAN RAYMOND CALLAHAN, HORIZON GLOBAL ADVISORS LTD,
and HORIZON GLOBAL ADVISORS LLC, ET AL.

                                              Defendants.

COPY               **NOTICE OF REQUEST FOR APPROVAL
               OF HAGUE CONVENTION EVIDENCE REQUEST
                      (Conifer Fund Services Ltd.)**

GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.
A Professional Corporation Incorporated in the State of New York

*Attorneys for*

*Receiver for Horizon Global Advisors Ltd.*
*and Horizon Global Advisors LLC, et al*
11 HANOVER SQUARE
NEW YORK, N.Y. 10005
TEL. NO. (212) 495-0100
FAX NO. (212) 480-9797

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State,*
*certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed*
*document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not*
*obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are*
*not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential*
*claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*..........................................           Signature ..............................................................

                                              Print Signer's Name..................................................

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

                                              ..............................................................
                                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF
ENTRY
        *that the within is a (certified) true copy of a*
        *entered in the office of the clerk of the within-named Court on*                    *20*

☐ NOTICE OF
SETTLEMENT
        *that an Order of which the within is a true copy will be presented for settlement to the*
        *Hon.*
                                              *, one of the judges of the within-named Court,*
        *at*
        *on*                    *20*        *, at*            *M.*

*Dated:*

                              GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.
                              A Professional Corporation Incorporated in the State of New York

                      *Attorneys for*

*To:*

                                      11 HANOVER SQUARE
                                      NEW YORK, N.Y. 10005
                                      TEL. NO. (212) 495-0100
                                      FAX NO. (212) 480-9797