**MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT VIA FACSIMILE.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

  v.

BRIAN RAYMOND CALLAHAN,
HORIZON GLOBAL ADVISORS LTD.,
HORIZON GLOBAL ADVISORS, LLC,
DIVERSIFIED GLOBAL INVESTMENTS
(BVI) L.P., THE MASTERS GLOBAL FUND,
L.P., FIDUCIARY SELECT INCOME FUND,
L.P., HORIZON MILLENNIUM
INVESTMENTS, L.P., PANGEA OFFSHORE
HIGH YIELD PORTFOLIO, LLC, ADAM
MANSON, DISTINCTIVE INVESTMENTS
LLC, and DISTINCTIVE VENTURES LLC;

       Defendants,

SHERI MANSON CALLAHAN,

       Relief Defendant.

---

Civil Action No. 12-cv-1065

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 09 2013 ★

LONG ISLAND OFFICE

### JUDGMENT AS TO DEFENDANTS HORIZON GLOBAL ADVISORS LTD., HORIZON GLOBAL ADVISORS, LLC, DIVERSIFIED GLOBAL INVESTMENTS (BVI) L.P., THE MASTERS GLOBAL FUND, L.P., FIDUCIARY SELECT INCOME FUND, L.P., HORIZON MILLENNIUM INVESTMENTS, L.P., AND PANGEA OFFSHORE HIGH YIELD PORTFOLIO, LLC

The Securities and Exchange Commission having filed an Amended Complaint and Defendants Horizon Global Advisors Ltd. ("HGA Ltd."), Horizon Global Advisors, LLC ("HGA, LLC"), Diversified Global Investments (BVI) L.P., The Masters Global Fund, L.P., Fiduciary Select Income Fund, L.P., Horizon Millennium Investments, L.P., and Pangea Offshore High Yield Portfolio, LLC (collectively, "Defendants") having entered general

appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5(a), (b) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a), (b), and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service

2

or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1), (2) and (3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(1), (2), and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants HGA Ltd. and HGA, LLC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and (2)], while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, and artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants HGA Ltd. and HGA, LLC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.C 275.206(4)-8], while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to make an untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they are made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, and prejudgment interest thereon. The Court shall determine the amounts of the disgorgement upon motion of the Commission. Prejudgment interest on the disgorgement shall be calculated from the date of violation, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with

4

the Commission's motion(s) for disgorgement, and at any hearing held on such motion(s): (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Amended Complaint; (b) Defendants may not challenge the validity of the Consents or this Judgment; (c) solely for the purposes of such motion(s), the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion(s) on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion(s) for disgorgement and prejudgment interest, the parties may take discovery, including discovery from appropriate non-parties.

If the Court orders the Defendants to pay disgorgement and prejudgment interest, the Commission may propose a plan to distribute those amounts subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of any disgorgement and prejudgment interest ordered. If the Commission staff determines that any disgorgement and prejudgment interest ordered will not be distributed, the Commission shall send such payments to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of the Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 3/9, 2013

/s/ Arthur D. Spatt
_____
UNITED STATES DISTRICT JUDGE
ARTHUR D. SPATT

THE PLAINTIFF IS DIRECTED TO FILE AN AMENDED CAPTION WITHIN ONE WEEK OF THE DATE OF THIS ORDER.

6