UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

BRIAN RAYMOND CALLAHAN,
ADAM MANSON, DISTINCTIVE
INVESTMENTS LLC, and DISTINCTIVE
VENTURES LLC,

        Defendants.

SHERI MANSON CALLAHAN,

        Relief Defendant.

-----------------------------------------------------------x

Civil Case No. 12-CV-1065
(ADS)(AKT)

Assigned to:
    Hon. Arthur D. Spatt, U.S.D.J.
    Hon. A. Kathleen Tomlinson

MEMORANDUM IN SUPPORT
OF MOTION FOR APPROVAL OF THE FEES AND EXPENSES OF THE
RECEIVER'S COUNSEL FOR THE 2013 SECOND QUARTER

GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.
A PROFESSIONAL CORPORATION INCORPORATED IN THE STATE OF NEW YORK
ATTORNEYS FOR

*RECEIVER*

11 HANOVER SQUARE
NEW YORK, N.Y. 10005
TEL. NO. (212) 495-0100
FAX NO. (212) 480-9797

## MEMORANDUM IN SUPPORT
## OF MOTION FOR APPROVAL OF THE FEES AND EXPENSES OF THE
## RECEIVER'S COUNSEL FOR THE 2013 FIRST QUARTER

This Memorandum is respectfully submitted by Steven Weinberg, as the Court Appointed Receiver (the "Receiver") for Defendants HORIZON GLOBAL ADVISORS LTD. ("HGA Ltd."), HORIZON GLOBAL ADVISORS LLC ("HGA LLC"), DIVERSIFIED GLOBAL INVESTMENTS (BVI), L.P. ("Diversified Global") f/k/a Horizon Global Investments, L.P. ("Horizon Global"), THE MASTERS GLOBAL FUND, L.P. ("Masters Global"), FIDUCIARY SELECT INCOME FUND, L.P. ("Fiduciary Select") f/k/a Pangea Bridge Investment, L.P. ("Pangea Bridge"), HORIZON MILLENNIUM INVESTMENTS, L.P. ("Horizon Millennium"), and PANGEA OFFSHORE HIGH YIELD PORTFOLIO, LLC ("Pangea Offshore"), in support of the Receiver's Motion for an Order approving the Fees and Expenses for the Receiver's Counsel for the 2013 Second Quarter (the "Receiver's Motion").

## FEE TIME PERIOD

Immediately upon and since the Receiver's appointment, the Receiver and his counsel have diligently performed the services set forth in the Order for appointment. The instant motion concerns interim fees for the Receiver's Counsel encompassing the 2013 Second Quarter which is the period from April 1, 2013 to June 30, 2013 (the "Subject Quarterly Period").

## BACKGROUND FACTS

This Receivership arises from an enforcement proceeding commenced on March 5, 2012 by the United States Securities and Exchange Commission ("SEC") against Brian Raymond Callahan ("Callahan"), HGA LTD and HGA LLC in the U.S. District Court for

1

the Eastern District of New York (the "Receivership Court") – Case No. 12-CV-1065 (the "SEC/Receivership A\ction") for misappropriation of investors' assets and violations of Securities Laws, namely: §17(a)(1), (2) and (3) of the Securities Act; §10(b) of the Exchange Act and §206(1), (2) and (4) of the Advisors Act.  In the Amended Complaint filed in the SEC/Receivership Action on May 31, 2012 (ECF Doc. 28), the SEC asserts that from 2005 to 2012, Defendant Callahan raised over $90 million (the "Investor Funds") from at least 45 investors (the "Investors") for at least five offshore funds, namely, Diversified Global, Masters Global, Fiduciary Select, Horizon Millennium and Pangea Offshore (collectively, the "Callahan Funds"), which he operated and controlled, directly or indirectly through HGA Ltd. and HGA LLC.  Among other relief, the SEC is seeking disgorgement, prejudgment interest and civil monetary penalties against the Defendants in the SEC/Receivership Action.  The Amended Complaint also added Adam Manson, his companies, Distinctive Investments, LLC ("Distinctive Investments") and Distinctive Ventures, LLC ("Distinctive Ventures"), and Sheri Manson Callahan as Defendants in the SEC/Receivership Action.

On March 27, 2012, on the motion made by the SEC (ECF Doc. 2), this Court signed an Order (ECF Doc. 22) placing the HGA Fund Managers (HGA LTD and HGA LLC) into Receivership (the "Initial Receivership Order").  Pursuant to a Stipulation (ECF Doc. 29) entered into by the SEC and Defendant Callahan, and "So Ordered" (ECF Doc. 33) on June 4, 2012 (the "Fund Receivership Order"), the Receivership Court placed the Callahan Funds into receivership with Steven Weinberg being the Receiver for both HGA Fund Managers and Callahan Funds (collectively, the "Receivership Entities").

## LAW GOVERNING RECEIVER'S COMPENSATION

Receivers are entitled to compensation for their services and expenses provided that their duties are reasonably and diligently discharged. *See* **SEC v. Elliott**, 953 F.3d 1560, 1577 (11th Cir. 1992). It is within the district court's discretion to award such compensation. *See* **Gaskill v. Gordon**, 27 F.3d 248, 253 (7th Cir. 1994) *citing* **Crites, Inc. v. Prudential Life Ins. Co.**, 322 U.S. 408 (1944). The court has considerable discretion in fashioning an appropriate award for fees, and may consider all of the factors involved in the particular receivership, including: (a) the results achieved, (b) the time, labor and skill required in the proper performance of the duties imposed on the receiver, (c) the fair value of such time, labor and skill measured by conservative business standards, and (d) the degree of efficiency with which the work is completed. *See Id. See also* **United States v. Code Prods. Corp.**, 362 F.2d. 559, 673 (3rd Cir. 1966) and **Donovan v. Robbins**, 588 F.Supp. 1268, 1272 (N.D. Ill 1984). In balancing and weighing these factors, the district court should be mindful of the need to provide an incentive to execute the task given.

## THE RECEIVER AND HIS COUNSEL

On March 27, 2012, pursuant to the Initial Receivership Order, this Court appointed the Receiver to marshal and liquidate the HGA Fund Managers – HGA Ltd. and HGA LLC. On June 4, 2012, pursuant to the Fund Receivership Order, the Court enlarged the entities under the Receivership to include the Callahan Funds - Diversified Global, Masters Global, Fiduciary Select, Horizon Millennium and Pangea Offshore. The Receiver's fees are governed by the Billing Instructions for Receivers in Civil

Actions commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions").

At the time of the Receiver's appointment, the Receiver and Gottesman Wolgel agreed to a discounted hourly rate of: $250.00 per hour for the Receiver and the Members of Gottesman Wolgel, $175 per hour for the Associates of Gottesman Wolgel, and $75.00 per hour for Paralegals.  This discounted rate represents a discount of over 20% of the Gottesman Wolgel's usual hourly rate in their private practice for commercial clients and for the firm's experience, and comports to the Billing Instructions for Receivers in Civil Actions commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions").  The fees requested here also do not include time expended by Gottesman Wolgel's attorneys and staff but not charged, including, as an example, participation in meetings and conferences with the Receiver and the SEC and other instances where the time and efforts of the Receiver and its counsel simultaneously overlapped given in responding to investors and dealing with asset recovery.

Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C. is a New York and New Jersey law firm with over 90 years of diverse experience in litigation, transactional and appellate practice.  Founded in 1920 as trial counsel for insurance, fidelity & surety companies, the firm's practice has grown to include commercial litigation, debt collection and recovery, mortgage foreclosures, construction law, bankruptcy and creditor's rights, banking and real estate transactions, asset based and unsecured financing, loan structuring and documentation, corporate formation, business disputes, employment law, coverage opinions and declaratory judgments, receivership, and estate planning and administration.

The firm has been serving as local counsel for the United States Small Business Administration as Receiver of various Small Business Investment Companies and assisting the SBA Receiver in marshalling and liquidating assets of the receivership estate for the benefits of creditors for the past 25 years. This practice area includes enforcing and pursuing the rights, remedies and claims of the SBA as Receiver against third parties on promissory notes, subscription agreements, securities, debts, judgments, contracts, loans, foreclosures, sales of assets, debt restructuring, leases, title transfers, security interests, employment contracts and issues, fiduciary duties, prudent investor rules, and general partnership and corporate matters.

## CASE STATUS

The case status has been reported most recently in the Receiver's Report for the 2013 Second Quarter covering the Period of April 1, 2013 to June 30, 2013 (ECF Doc. 143), and previously in the Receiver's Initial Report and Proposed Plan covering the period of March 27, 2012 to June 30, 2012 (ECF Doc. 42), the Receiver's Report for the 2012 Third Quarter covering the period of July 1, 2012 to September 30, 2012 (ECF Doc. 60), the Receiver's Report for the 2012 Fourth Quarter covering the period from October 1, 2012 to December 31, 2012 (ECF Doc. 71), and the Receiver's Report for the 2013 First Quarter covering the period from January 1, 2013 to March 31, 2013 (ECF Doc. 112). The following is intended to briefly summarize certain areas of interest for this Receivership. It is respectfully requested that this Court refer to the Receiver's Report for the 2013 Second Quarterly Period for a more detailed report of the Receivership.

A.     **Cash on Hand.**

As of the date of the Receiver's Report for the 2013 Second Quarter covering the period from April 1, 2013 to June 30, 2013, the Receiver has $6,450,130.14 in cash on hand, deposited in a FDIC insured escrow account in the name of the Receivership (the "Receivership Account") and in accordance with this Court's Initial Receivership Order. This cash presently on deposit in the Receivership Account represents the Receivership Funds collected from Horizon Kinetics LLC/Kinetics Institutional Partners, L.P., Millennium USA, L.P., the Bank of America, Citibank's Hedge Forum, Morgan Stanley Smith Barney's Hedge Forum, and HSBC Bank of Bermuda (Waterstreet Account).

The account balance for the Receivership Account was $6,442,663.58 near the end of the prior Quarterly Reporting Period which was the 2013 First Quarter (January 1, 2013 to March 31, 2013). Since the prior Quarterly Reporting Period, the Receiver received $7,466.56 in interest or dividend income. The new and current account balance for the Receivership Account at the end of the Quarterly Reporting Period for the 2013 Second Quarter (April 1, 2013 to June 30, 2013) is $6,450,130.14. None of the aforesaid funds are encumbered.

B.     **Other Assets.**

In addition to the cash on hand described above, the Receivership continues to have assets with: (i) Morgan Stanley Smith Barney and Citibank's HedgeForum in the estimated sum of $27,263.00 allegedly representing non-liquid investments, and (ii) Millennium USA, L.P. in the sum of $51,871.00 as a holdback for Lehman Brothers claims and expenses.

6

The available liquid assets of the Callahan Funds are extremely limited. The bulk of the Callahan Funds were allegedly invested or loaned to Distinctive Investments, which investments or loans are purportedly evidenced by promissory notes made by Distinctive Investments, payable to Pangea Offshore, Fiduciary Select or Diversified Global. The promissory notes total the approximate principal sum of $47,645,726.00 plus interest.

C.  **Administrative Expenses.**

For the Subject Quarterly Period, the accrued administrative expenses for the Receivership, which are the subject of this Motion were submitted to the SEC for their preliminary review and approval pursuant to the Initial Receivership Order and which are now subject to this Court's review and approval, are: (i) $31,500.00 as the Receiver's fees, (ii) $0.00 as disbursements and expenses made or incurred by the Receiver on the account of the Receivership, (iii) $86,310.00 as the Gottesman Wolgel's professional legal fees as the Receiver's Counsel, and (iv) $3,738.26 as disbursements and expenses made or incurred by the Gottesman Wolgel on the account of the Receivership.

D.  **Summary.**

The Subject Quarterly Period represents the period from April 1, 2013 to June 30, 2013, and the fifth full quarter of the Receivership. In this Subject Quarterly Period, the Receiver and his counsel have:

- interviewed special counsel for consideration for possible third-party claims and continued to seek and review documents to pursue possible third party claims;

- interviewed an accounting firm for consideration of retention for any tax filings, forensic analysis and/or claims review and analysis;

7

- investigated an alleged loan transaction between one Receivership Entity and an investor which is secured by a mortgage on real property, and negotiated an agreement with the investor in consideration of the Receiver providing a release of mortgage lien for overseas property;

- served a preservation notice on institutional parties to maintain documents and records;

- subpoenaed Barclays, Citi Private Bank d/b/a Citibank, N.A., Exchange Fund Services Limited, Fidelity Insurance Company Ltd., Meyer, Suozzi, English & Klein, P.C., Morgan Stanley & Co., LLC, Morgan Stanley Smith Barney LLC, Portcullis TrustNet Limited, Summit Trust Company, Trimont Real Estate Advisors, to investigate the placement of certain funds and assets of the Receivership Entities, and reviewed the documents produced by Horizon Kinetics LLC, PNC, Hedge Forum, and Millennium Management LLC;

- filed a Motion pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters for VP Bank (BVI) Limited, to investigate the placement of certain funds and assets of the Receivership Entities;

- continued to give notices to interested persons and entities of the Receivership and the injunctive provisions of the Receivership Orders, including the order and direction to preserve and turn over all Receivership Property;

- continued to demand that the Defendants, and interested persons and entities, repatriate funds and assets of the Receivership back into the United States; and continued to assert interest and control over all Receivership Assets and Receivership Property.

- continued to demand that Defendants, and interested persons and entities, produce all personal property, including the books and records, of the HGA Fund Managers and the Receivership Fund entities, and to seek the production of tax documents for the Receivership Entities;

- The Receiver continued to issue investigatory subpoenas, to make court application for service of subpoenas pursuant to the Hague Convention, and to review the responses concerning: (i) properties owned by the Defendants, (ii) properties benefited by Investor Funds, (iii) bank records of the Callahan Funds, and (iv) bank records of entities controlled or owned by Defendant Callahan;

- The Receiver continued document review of and to seek production of documents pursuant to subpoenas served upon Horizon Kinetics LLC, Millennium Management LLC, Rochdale Investment Management, RIM Securities, LLC and Rochdale Offshore Investment Management to investigate the placements of certain funds and assets of the Receivership Entities;

- continued discussions with Pictet & Cie to seek continued voluntarily production of additional account documents relating to the Receivership Entities and the Investors;

- The Receiver continued to collect additional information from and communicate with Investors;

- The Receiver continued to compile and collect information concerning investments with or for Callahan and the Callahan Funds;

- The Receiver continued to investigate properties owned by the Defendants and identify mortgages, liens, encumbrances and claims thereon, including operational information of the Panoramic View;

- The Receiver continued to engage in multiple discussions with certain Defendants or their attorneys as to assets and property for the use for recovery of Investor Funds.

The Receiver's Report for the 2013 Second Quarter (ECF Doc. 143) provides a more detailed summary.

The Receiver intends to conclude this Receivership as expeditiously and orderly as possible. At this juncture, without any books, records, or accounts payable / receivable ledgers, it continues to remain impossible to identify, review or analyze known creditors of the Receivership Entities. Despite these limitations, to date, the Receiver currently has a list of 58 investors who may have potential claims totaling not less than the sum of $70,118,201.84. Based upon initial communication, Deloitte advised that allegedly $50,000.00 was still owed for preparing the 2010 financial statements and tax returns for the Callahan Funds and that allegedly Deloitte was not retained to prepare the 2011 tax returns.

The Receiver anticipates on proposing a claims determination procedure to the Receivership Court during the 2013 calendar year. The claims determination procedure will provide a process by which a formal notice will be given to known investors and creditors, and a public notice by publication in newspapers of general circulation to and for unknown investors/creditors, to submit a formal claim to the Receiver which the Receiver will then evaluate and make a recommendation for the disposition of each claim. The notices, as well as the claims determination procedure, will set forth a claims bar date by which all claims must be submitted to the Receiver.

Upon identifying the claimants and their respective claims, the Receiver by a separate and subsequent motion will propose to this Court a claims disposition procedure by which the Receiver will be able to recommend which claims of an investor or a creditor should be allowed or disallowed, in whole or in part. The procedure will also provide the process by which any investor or creditor whose claim was disallowed in whole or in part can object and seek summary review and disposition of their objections within a certain time of the Court approving, adopting or disapproving the Receiver's recommended claim disposition. The objection will be submitted on paper with the opportunity for the Receiver to respond. The Receivership Court will have the option to conduct a hearing and/or to issue a decision with respect to a final allowance or rejection of a claim. As part of the claims recommendation procedure, the Receiver will also recommend classes of claimants for the Court to review and approve on behalf of whom the Receiver can make an application for recommended distribution of Receivership Estate proceeds.

In addition to the proposed procedures to identify the claimants of the Receivership Estate and for the disposition of such claims, the Receiver also intends to take such legal recourse to collect the debts owed to the Receivership Estate, and upon completing his evaluation, seize those Receivership Assets, Properties and Interests which are costs effective and worthwhile to seize, and seek permission to abandon those which will be unduly burdensome and too costly to pursue.

E.      **Liquidated and Unliquidated Claims.**

The Receiver's liquidated claims include those Receivership Assets in bank accounts held in the name of the Receivership Entities which have not yet been turned over to the Receiver, and the loans and/or investments made by Pangea Offshore, Fiduciary Select or Diversified Global on the account of, or for the benefit of the Distinctive Investments and the property known as the Panoramic View.  The loans and/or investments, including the promissory notes made and delivered by Distinctive Investments, have a face amount or stated principal amount of approximately $58 million plus approximately $14 million in interest.  The Receiver's unliquidated claims include, but are not limited to, the moneys improperly diverted to the Panoramic View Project located in Montauk, New York, the cooperative unit owned by Defendant Brian R. Callahan at the Panoramic View, Defendant Brian R. Callahan's residence located at Old Westbury, New York and the storage facility business located in Cromwell, Connecticut. Unliquidated claims also include, but are not limited, to the redemptions issued to certain investors, and the fees received by third-party fund administrators.  The Receiver anticipates the need for forensic accountants in evaluating and pursuing the Receiver's claims.

F.  **Billings.**

The total compensation being requested by the Receiver's Counsel for the Subject Quarterly Period is $90,048.26. This sum reflects $86,310.00 in fees and 466.10 hours of professional services, and $3,738.26 in expenses disbursed on the account of the Receiver and the Receivership Estate. Of the 466.10 hours: (a) 127.90 hours were from Stewart W. Lee, Esq. who is a Member of Gottesman Wolgel, whose time was billed at the discounted rate of $250.00 per hour, (b) 289.70 hours were from Richard B. Demas, Esq. and Kelsey Bilodeau, Esq. who are Associates with Gottesman Wolgel, whose time were billed at the discounted rate of $175.00 per hour, and (c) 48.50 hours were from Paralegals, whose time were billed at the rate of $75.00 per hour. Gottesman Wolgel's invoice, which was submitted and filed with this motion, includes detailed descriptions of each attorney's and paralegal's time, categorized by dates and subject matter – (i) Asset Analysis and Recovery, (ii) Asset Disposition, (iii) Business Operations, (iv) Case Administration, and (v) Claims Administration and Objections. The subject compensation and expenses follows a prior motion for the fees and expenses of the Receiver's Counsel during the 2013 First Quarter (January 1, 2013 to March 31, 2013) which was filed on May 15, 2013 (ECF Docs. 115 & 116) and presently *sub judice*, and the compensation of fees and expenses previously approved and awarded by this Court pursuant to its Order dated September 18, 2012 (ECF Doc. 58) for the 2012 Second Quarter (March 27, 2012 to June 30, 2012), its Order dated February 26, 2013 (ECF Doc. 85) for the 2012 Third Quarter (July 1, 2012 to September 30, 2012), and its Order dated February 26, 2013 (ECF Doc. 87) for the 2012 Fourth Quarter (October 1, 2012 to December 31, 2012).

## CONCLUSION

The Receiver's Counsel, Gottesman Wolgel, respectfully requests that this Court: (a) find that the Receiver's Counsel has diligently and reasonably given the time, labor and skill required to effectively and efficiently represent and counsel the Receiver, (b) approve all of the fees and expenses set forth in EXHIBIT A of the Receiver Counsel's Certification of Compliance, to wit: $90,048.26, (c) authorized the Receiver to pay the Receiver's Counsel the approved fees and expenses, and (d) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 15, 2013

Respectfully submitted:

_____
STEWART W. LEE
Gottesman, Wolgel, Malamy,
Flynn & Weinberg, P.C.
11 Hanover Square, 4th Floor
New York, New York 10005
Tel.: (212) 495-0100
E-Mail: slee@gottesmanlaw.com

*Attorneys for the Steven Weinberg
As the Court Appointed Receiver for
Horizon Global Advisors Ltd., Horizon
Global Advisors LLC, Diversified Global
Investments (BVI) L.P., the Masters Global
Fund, L.P., Fiduciary Select Income Fund,
L.P., Horizon Millennium Investments, L.P.
and Pangea Offshore High Yield Portfolio,
LLC.*

Case 2:12-cv-01065-ADS-AKT   Document 151   Filed 08/15/13   Page 15 of 15 PageID #: 6419