UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE
COMMISSION,                                                      Case No. 12-cv-1065 (ADS/ETB)

                Plaintiff,
    v.

BRIAN RAYMOND CALLAHAN, ADAM
MANSON, DISTINCTIVE INVESTMENTS
LLC, and DISTINCTIVE VENTURES LLC,

                Defendants,

SHERI MANSON CALLAHAN,

                Relief -Defendant.
_____

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PARTY IN INTEREST RBS CITIZENS, NA'S MOTION TO INTERVENE AND FOR RELIEF FROM THE PRELIMINARY INJUNCTION ISSUED MARCH 27, 2012

LeCLAIRRYAN, a Professional Corporation
Michael T. Conway, Esq.
885 Third Avenue, Sixteenth Floor
New York, New York 10022
Telephone:  (212) 430-8032
Facsimile:  (212) 430-8062

Attorneys for RBS Citizens, NA

Party in interest RBS Citizens, NA ("Citizens") hereby respectfully submits this combined reply brief in response to the Memorandum of Law filed by Steven Weinberg, the court-appointed receiver in this matter ("Receiver") [Docket No. 155], and by the Securities and Exchange Commission ("SEC") [Docket No. 152], each filed in Opposition to Citizens' Motion to Intervene and Lift Stay as follows:

Neither the Receiver nor the SEC disputes that Citizens is a secured creditor holding a perfected first priority mortgage on the real property owned by Ten Hillside Road, LLC ("Hillside") and Cromwell AAA Self Storage, LLC ("Cromwell AAA"), as well as on the rents and profits produced by the business and property generated by the assets of these entities (collectively, the "Property"). The arguments made suggest that Citizens somehow lost this first priority position by virtue of the receivership – this is not the case and, frankly, the only rights of the receivership estate are with respect to the excess proceeds which might accrue by virtue of any sale of the Property. *SEC v. Credit Bancorp, Ltd.*, 386 F.3d 438, 446 (2d Cir. 2004) ("a receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the State").

Moreover, there is no merit to the Receiver's insinuation that Citizens has violated the Injunction by accepting the monthly debt service payments to which Citizens is entitled under its loan documents. As indicated in Citizens' Motion, Citizens and its counsel have been in an ongoing dialog with the Receiver's counsel, Stewart W. Lee, Esq., since April of 2012 concerning the self-storage facility in light of the Injunction and the fact that a business continues to operate on the premises. Pursuant to the Injunction, the Court charged the Receiver with controlling and overseeing the self-storage facility and business. The Receiver, through Mr. Lee, has acknowledged Citizens' rights as a secured creditor and has authorized the ongoing

monthly payment of Citizens' debt service by Brian F. Callahan. In large part, the Receiver has done this so that the self-storage business and property would not fail, which would negatively impact their value. Citizens has a perfected lien in all of the rents and income produced by the property. Citizens has accepted monthly debt service payments to which it is legally entitled from the rents and income with the express authorization of Mr. Lee. The Receiver has acknowledged Citizens' right to payment of its debt service. There has been no violation of the Injunction by Citizens.

With regard to the Receiver's claim that Citizens has not been harmed because the debt service and taxes have been paid, the Court should note that the subject mortgage loan will mature on December 31, 2013. At that point, the loan will be accelerated, and the entire balance will be due. It would be unreasonable and inequitable for Citizens to be required to wait to collect its loan until after the Receiver administers the entire Receivership Estate. As it is, there is a substantial question as to whether there is sufficient equity in this property to satisfy the Citizens debt in light of the appraised value – especially if the property were ultimately sold by the Receiver in a distressed sale. Citizens' appraisal indicates that the likely liquidation value would be $1,600,000, which would result in a loss to Citizens of hundreds of thousands of dollars. Citizens' secured loan could quickly become under-secured if this situation were to continue.

It should be noted that Citizens has made substantial efforts to negotiate the sale of the property with the Receiver, because Brian F. Callahan has indicated that he is quickly losing interest in managing the property, which is a no-win situation for him and for which he is not being paid. Despite the Receiver's acknowledgment of Citizens' first mortgage on the property, the Receiver initially indicated that he would consent to such a sale only if the Receiver were to

receive the first $150,000 of the sale proceeds. The Receiver later reduced that demand to $100,000 but would not budge from there. The demand is extortionate and improper especially in light of the Receiver's acknowledgment in his operating reports that there is limited equity in the property and the fact that the Receiver still cannot prove after 18 months that any investor money was injected in the property. Even in the operating report issued after the present motion was filed, the Receiver characterized the status of this asset as, "the Cromwell LLC's expenses exceed its income" and "the Cromwell Property has equity but not substantial equity to warrant a viable source of recovery." See Receiver's Report for the 2013 Second Quarter Covering the Period of April 1, 2013 through June 30, 2013, pp. 24 and 28 [Docket No. 143].

There is no merit to the Receiver's claim that Citizens' Senior Vice President Tristan Pierce has refused to exercise Citizens' right to manage the business under Citizens loan documents. Citizens cannot manage the business due to the Injunction. Citizens has been begging the Receiver for well over a year to free this property from the Injunction, so that Citizens could manage its asset and control its collateral. Citizens has filed the subject Motion, because the loan secured by the property is in default and Citizens' collateral is being diminished and will most likely continue to diminish if a sale does not occur soon. There are no unclean hands.

Citizens' request to intervene is a procedural necessity so that it can seek relief from the Injunction and exercise its rights under its loan documents. Citizens is not attempting to become part of the overall receivership action, and its intervention would not complicate the receivership. Citizens' interests are continuing to be affected by the Injunction and the actions of the Receiver, and Citizens is entitled to a hearing concerning the same. Citizens' request falls squarely within the parameters of FRCP 24(a) and (b).

Brian F. Callahan is in his mid-seventies and has indicated that he is ready to move on from operating the property. This situation needs a quick resolution, so that the property does not fail. The property should be sold before its value is depleted.

## **CONCLUSION**

For the foregoing reasons, RBS Citizens, NA respectfully requests that its motion be granted in its entirety allowing relief from the Injunction as set forth above and that the Court grant such other and further relief as it deems appropriate to effectuate this result.

Dated: New York, New York
September 30, 2013

Respectfully submitted,

LeCLAIRRYAN, a Professional Corporation

By: /s/ Michael T. Conway
  Michael T. Conway, Esq.
  885 Third Avenue, Sixteenth Floor
  New York, New York 10022
  Tel: (212) 430-8032
  Fax: (212) 430-8062
  Michael.Conway@LeClairRyan.com

Attorneys for RBS Citizens, NA

4

CERTIFICATE OF SERVICE

I, MICHAEL T. CONWAY, an attorney duly admitted to the practice of law in this state, certify the following to be true under the penalties of perjury: on September 30, 2013, I served the within **REPLY MEMORANDUM OF LAW IN SUPPORT OF PARTY IN INTEREST RBS CITIZENS, NA MOTION TO INTERVENE AND FOR RELIEF FROM THE PRELIMINARY INJUNCTION ISSUED MARCH 27, 2012** on all parties through the ECF system.

Dated: New York, New York
September 30, 2013

                                                       /s/ Michael T. Conway
                                                          Michael T. Conway