**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

        -against-                                **ORDER**
                                                        12-CV-1065 (ADS)(AKT)
BRIAN RAYMOND CALLAHAN, ADAM MANSON,
DISTINCTIVE INVESTMENTS LLC, and
DISTINCTIVE VENTURES LLC,

                        Defendants.

SHERI MANSON CALLAHAN,

                        Relief Defendant.
-----------------------------------------------------------X

**APPEARANCES:**

**Gottesman, Wolgel, Secunda, Malamy & Flynn, P.C.**
*Attorneys for the Receiver Steven Weinberg*
11 Hanover Square, 4th Floor
New York, NY 10005
        By:    Steven Weinberg, Esq.
                Stewart W. Lee, Esq.
                Richard B. Demas, Esq., Of Counsel

**United States Securities and Exchange Commission**
*Attorneys for the Plaintiff*
100 F. Street, NE
Washington, DC 20549
        By:    Dean M. Conway, Assistant Chief Litigation Counsel

**Park & Jensen LLP**
*Attorneys for the Defendant Brian Raymond Callahan*
630 Third Avenue
New York, NY 10017
        By:    Robert Knuts, Esq., Of Counsel

**Herskovits PLLC**
*Attorneys for the Defendant Brian Raymond Callahan*
1065 Avenue of the Americas, 27th Floor
New York, NY 10018
        By:    Robert L. Herskovits, Esq., Of Counsel

**Law Offices of Andrew J. Frisch**
*Attorneys for the Defendants Adam Judd Manson, Distinctive Investments LLC and Distinctive Ventures LLC*
40 Fulton Street, 23rd Floor
New York, NY 10038
    By:   Andrew J. Frisch, Esq., Of Counsel

**Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer**
*Attorneys for the Defendant Adam Judd Manson, Distinctive Investments LLC and Distinctive Ventures LLC*
565 Fifth Avenue
New York, NY 10017
    By:   Robert J. Anello, Esq.
           Gates Salyers Hurand, Esq.
           Judith L. Mogul, Esq., Of Counsel

**Sher Tremonte LLP**
*Attorneys for the Relief Defendant Sheri Manson Callahan*
41 Madison Avenue, 41st Floor
New York, NY 10010
    By:   Michael Tremonte, Esq., Of Counsel

**Brian Spears LLC**
*Attorneys for Interested Party Brian F. Callahan*
2425 Post Road, Suite 203
Southport, CT 06890
    By:   Brian Edward Spears, Esq., Of Counsel

**United States Attorney's Office**
*Attorneys for Intervenor United States Attorney for the Eastern District of New York*
271 Cadman Plaza East
Brooklyn, NY 11201
    By:   David C. Woll, Jr., Assistant United States Attorney

**LeClair Ryan, PC**
*Attorneys for Intervenor RBS Citizens, National Association*
830 Third Avenue, 5th Floor
New York, NY 10022
    By:   Michael Terrance Conway, Esq., Of Counsel

**SPATT, District Judge.**

On March 5, 2012, the Plaintiff United States Securities Exchange Commission (the "SEC") commenced this action against Brian Raymond Callahan ("Callahan"), Horizon Global

Advisors Ltd. ("HGA Ltd.") and Horizon Global Advisors, LLC ("HGA LLC"). The SEC alleged that, in violation of § 17(a)(1), (2) and (3) of the Securities Act, § 10(b) of the Exchange Act and §§ 206(1), (2) and (4) of the Advisers Act, Callahan, HGA Ltd. and HGA LLC "engaged in a long-running fraud in which investors were routinely misled about the nature of their investments and also were unaware of [Callahan, HGA Ltd. and HGA LLC's] frequent misuse and misappropriation of their money." (Orig. Compl., ¶ 1.)

On March 27, 2012, the Court issued a preliminary injunction in which it placed HGA Ltd. and HGA LLC into Receivership and appointed Steven Weinberg ("Weinberg") as their Receiver (the "March 27, 2012 Order"). The March 27, 2012 Order also instituted a stay of litigation, as follows:

> [T]he following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the [SEC] related to the above-captioned enforcement action, are stayed until further Order of this Court:
>
> All civil proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

(March 27, 2012 Order, ¶ 32.)

On May 31, 2012, the SEC filed an Amended Complaint and added the following parties as defendants in this action: Diversified Global Investments, L.P. ("Diversified"), The Masters Global Fund, L.P. ("Masters"), Fiduciary Select Income Fund, L.P. ("Fiduciary"), Horizon

Millennium Investments, L.P. ("Horizon Millennium"), Pangea Offshore High Yield Portfolio, LLC ("Pangea High Yield"), Adam Judd Manson ("Manson"), Distinctive Investments, LLC ("Distinctive Investments"), and Distinctive Ventures LLC ("Distinctive Ventures"). In addition, Callahan's wife and Manson's sister, Sheri Manson-Callahan ("Manson-Callahan"), was added as a relief defendant.

Similar to the Original Complaint, the Amended Complaint alleges that in violation of § 17(a)(1), (2) and (3) of the Securities Act, § 10(b) of the Exchange Act and §§ 206(1), (2) and (4) of the Advisers Act, Callahan, HGA LLC, HGA Ltd., Diversified, Masters, Fiduciary, Horizon Millennium, and Pangea High Yield "engaged in a long-running fraudulent Ponzi scheme in which investors were routinely misled about the nature of their investments and also were unaware of [the] frequent misuse and misappropriation of their money." (Amend. Compl., ¶ 1.) In this regard, from some point in 2005 to January of 2012, Callahan allegedly raised more than $90 million from at least forty-five investors for five offshore funds, which were the defendants Diversified, Masters, Fiduciary, Horizon Millennium and Pangea High Yield (the "Callahan Funds"). According to the SEC, Callahan operated the Callahan Funds directly or through HGA Ltd. and HGA LLC.

The Amended Complaint further alleges that Manson and his two entities, Distinctive Investments and Distinctive Ventures "aided and abetted Callahan's fraudulent scheme." (Amend. Compl, ¶ 1.) Allegedly, Manson, Distinctive Investments and Distinctive Ventures received millions of dollars in loans from the Callahan Funds in order to purchase and renovate a real estate project in Montauk, New York (the "Montauk Property"), as well as to pay off debts and obligations which were owed by Distinctive Investments and Distinctive Ventures, and guaranteed by Manson.

Also on May 31, 2012, the SEC and the Callahan Funds entered into a stipulation which placed the Callahan Funds into Receivership with Weinberg being their Receiver. The stipulation fully incorporated the terms of the March 27, 2012 Order, including the stay of litigation provision. The Court "so ordered" this stipulation on June 4, 2012 (the "June 4, 2012 Order").

On March 9, 2013, the Court approved a consent judgment against HGA Ltd., HGA LLC, Diversified, Masters, Fiduciary, Horizon Millennium and Pagea High Yield. As a result, the only remaining Defendants in this case are Callahan, Manson, Distinctive Investments and Distinctive Ventures (the "Defendants"). Manson-Callahan remains the relief defendant.

The Receiver now seeks an order from this Court partially lifting the stay of litigation included in the March 27, 2012 Order and the June 4, 2012 Order for the limited purpose of permitting commencement and prosecution of an action to recover on Distinctive Investments' debts. Specifically, the Receiver wishes to commence a proceeding in order to allegedly collect unpaid debts owed by Distinctive Investments to Receivership Entities Fiduciary and Diversified, as apparently evidenced by fifty-eight promissory notes that were executed by Distinctive Investments. The Receiver explains that the fifty-eight promissory notes represent an indebtedness owed to the Receivership Estate in the sum of $47,645,726, plus interest which, as of June 30, 2013, was $10,131,964, for a total debt of $57,777,690. According to the Receiver, "[t]hese notes reflect the millions of [funds by investors] which were poured into [the Montauk Property], first for its acquisition and then to pay principal and interest owed on the secured loans thereon." (Receiver Decl., ¶ 31.)

The Receiver further explains that he "had sought a consensual sale of the [Montauk Property], which if materialized, may have obviated the need to sue on the notes." (Receiver

5

Decl., ¶ 30.)  In this regard, "[t]he [Montauk Property], though still encumbered by secured loans, has sufficient equity which can be used as a means to satisfy the Diversified [ ] Notes and Fiduciary [ ] Notes, in whole or in part, and thereby as a recovery for the Investors and Receivership Estate."  (Receiver Decl., ¶ 31.)  However, at the time of the Receiver's motion, "a consensual sale [was] unlikely" and thus, "given these crossroads, the Receiver [felt] duty bound to pursue other avenues, such as the actions contemplated [in the present motion], to bring about a recovery for the Investors and the Receivership Estate."  (Receiver Decl., ¶ 32.)

However, on February 22, 2014, the Court issued an order in the related civil forfeiture proceeding <u>United States v. The Real Property Located at 272 Old Montauk Highway, Montauk, New York 11954, and All Proceeds Traceable Thereto, et al.</u>, Case No. 12-CV-1880 (E.D.N.Y.), which held that the interlocutory sale of the Montauk Property was both necessary and appropriate under 18 U.S.C. § 981(g)(6) and Rule G(7) of the Supplemental Rules of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (the "February 22, 2014 Order").  The Court permitted the Government to submit a revised proposal for a sale of the Montauk Property within thirty days of the date of the Order and is currently awaiting the Government's submission.  Therefore, in light of the February 22, 2014 Order, the Court denies the Receiver's motion without prejudice with leave to renew, if necessary, following the interlocutory sale of the Montauk Property.

**SO ORDERED.**
Dated: Central Islip, New York
March 1, 2014

                                                          ____/s/ Arthur D. Spatt_____
                                                             ARTHUR D. SPATT
                                                       United States District Judge