UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

BRIAN RAYMOND CALLAHAN,
ADAM MANSON, DISTINCTIVE
INVESTMENTS LLC, and DISTINCTIVE
VENTURES LLC,

        Defendants.

SHERI MANSON CALLAHAN,

        Relief Defendant.

-----------------------------------------------------------x

Civil Case No. 12-CV-1065 (ADS)(AKT)

Assigned to:
    Hon. Arthur D. Spatt, U.S.D.J.
    Hon. A. Kathleen Tomlinson

## MEMORANDUM IN SUPPORT
## OF MOTION FOR APPROVAL OF THE RECEIVER'S FEES AND EXPENSES
## FOR THE 2014 SECOND QUARTER

GOTTESMAN, WOLGEL, FLYNN,
WEINBERG & LEE, P.C.
A PROFESSIONAL CORPORATION INCORPORATED IN THE STATE OF NEW YORK
ATTORNEYS FOR
*RECEIVER*

11 HANOVER SQUARE
NEW YORK, N.Y. 10005
TEL. NO. (212) 495-0100
FAX NO. (212) 480-9797

# MEMORANDUM IN SUPPORT
# OF MOTION FOR APPROVAL OF THE RECEIVER'S FEES AND EXPENSES
# FOR THE 2014 SECOND QUARTER

This Memorandum is respectfully submitted by Steven Weinberg, as the Court Appointed Receiver (the "Receiver") for Defendants HORIZON GLOBAL ADVISORS LTD. ("HGA Ltd."), HORIZON GLOBAL ADVISORS LLC ("HGA LLC"), DIVERSIFIED GLOBAL INVESTMENTS (BVI), L.P. ("Diversified Global") f/k/a Horizon Global Investments, L.P. ("Horizon Global"), THE MASTERS GLOBAL FUND, L.P. ("Masters Global"), FIDUCIARY SELECT INCOME FUND, L.P. ("Fiduciary Select") f/k/a Pangea Bridge Investment, L.P. ("Pangea Bridge"), HORIZON MILLENNIUM INVESTMENTS, L.P. ("Horizon Millennium"), and PANGEA OFFSHORE HIGH YIELD PORTFOLIO, LLC ("Pangea Offshore"), in support of the Receiver's Motion for an Order approving the Receiver's Fees and Expenses for the 2014 First Quarter (the "Receiver's Motion").

## FEE TIME PERIOD

Immediately upon and since the Receiver's appointment, the Receiver and his counsel have diligently performed the services set forth in the Order for appointment. The instant motion concerns interim fees for the Receiver encompassing the 2014 Second Quarter which is the period from April 1, 2014 to June 30, 2014 (the "Subject Quarterly Period").

## BACKGROUND FACTS

This Receivership arises from an enforcement proceeding commenced on March 5, 2012 by the United States Securities and Exchange Commission ("SEC") against Brian Raymond Callahan ("Callahan"), HGA LTD and HGA LLC in the U.S. District Court for

1

the Eastern District of New York (the "Receivership Court") – Case No. 12-CV-1065 (the "SEC/Receivership Action") for misappropriation of investors' assets and violations of Securities Laws, namely: §17(a)(1), (2) and (3) of the Securities Act; §10(b) of the Exchange Act and §206(1), (2) and (4) of the Advisors Act. In the Amended Complaint filed in the SEC/Receivership Action on May 31, 2012 (ECF Doc. 28), the SEC asserts that from 2005 to 2012, Defendant Callahan raised over $90 million (the "Investor Funds") from at least 45 investors (the "Investors") for at least five offshore funds, namely, Diversified Global, Masters Global, Fiduciary Select, Horizon Millennium and Pangea Offshore (collectively, the "Callahan Funds"), which he operated and controlled, directly or indirectly through HGA Ltd. and HGA LLC. Among other relief, the SEC is seeking disgorgement, prejudgment interest and civil monetary penalties against the Defendants in the SEC/Receivership Action. The Amended Complaint also added Adam Manson, his companies, Distinctive Investments, LLC ("Distinctive Investments") and Distinctive Ventures, LLC ("Distinctive Ventures"), and Sheri Manson Callahan as Defendants in the SEC/Receivership Action.

On March 27, 2012, on the motion made by the SEC (ECF Doc. 2), this Court signed an Order (ECF Doc. 22) placing the HGA Fund Managers (HGA LTD and HGA LLC) into Receivership (the "Initial Receivership Order"). Pursuant to a Stipulation (ECF Doc. 29) entered into by the SEC and Defendant Callahan, and "So Ordered" (ECF Doc. 33) on June 4, 2012 (the "Fund Receivership Order"), the Receivership Court placed the Callahan Funds into receivership with Steven Weinberg being the Receiver for both HGA Fund Managers and Callahan Funds (collectively, the "Receivership Entities").

## LAW GOVERNING RECEIVER'S COMPENSATION

Receivers are entitled to compensation for their services and expenses provided that their duties are reasonably and diligently discharged. *See* ***SEC v. Elliott***, 953 F.3d 1560, 1577 (11th Cir. 1992). It is within the district court's discretion to award such compensation. *See* ***Gaskill v. Gordon***, 27 F.3d 248, 253 (7th Cir. 1994) *citing* ***Crites, Inc. v. Prudential Life Ins. Co.***, 322 U.S. 408 (1944). The court has considerable discretion in fashioning an appropriate award for fees, and may consider all of the factors involved in the particular receivership, including: (a) the results achieved, (b) the time, labor and skill required in the proper performance of the duties imposed on the receiver, (c) the fair value of such time, labor and skill measured by conservative business standards, and (d) the degree of efficiency with which the work is completed. *See Id.* *See also* ***United States v. Code Prods. Corp.***, 362 F.2d. 559, 673 (3rd Cir. 1966) and ***Donovan v. Robbins***, 588 F.Supp. 1268, 1272 (N.D. Ill 1984). In balancing and weighing these factors, the district court should be mindful of the need to provide an incentive to execute the task given.

## THE RECEIVER

On March 27, 2012, pursuant to the Initial Receivership Order, this Court appointed the Receiver to marshal and liquidate the HGA Fund Managers – HGA Ltd. and HGA LLC. On June 4, 2012, pursuant to the Fund Receivership Order, the Court enlarged the entities under the Receivership to include the Callahan Funds - Diversified Global, Masters Global, Fiduciary Select, Horizon Millennium and Pangea Offshore. The Receiver's fees are governed by the Billing Instructions for Receivers in Civil Actions commenced by the U.S. Securities and Exchange Commission (the "Billing

3

Instructions"). In accordance with the fee schedule proposed to the SEC, the Receiver's discounted hourly rate is $250.00 per hour. This discounted rate represents a discount of over 20% of the Receiver's usual hourly rate in his private practice for commercial clients and for the Receiver's experience.

The Receiver is an attorney admitted to practice in the State of New York, and admitted to practice law before the U.S. District Courts for the Southern, Eastern, Northern and Western District of New York and the United States Court of Appeals for the Second Circuit. He has also been admitted to practice *pro hac vice* before the U.S. District Court in New Jersey. The Receiver is currently a shareholder/member of Gottesman, Wolgel, Flynn, Weinberg & Lee ("Gottesman Wolgel"), a New York and New Jersey law firm. Prior to joining Gottesman Wolgel, the Receiver served as an Assistant District Attorney for the Queens District Attorney's Office in Queens. The Receiver and his firm, Gottesman Wolgel, has 25 years of experience in representing the United States Small Business Administration in its capacity as the court appointed receiver for numerous small business investment companies (the "SBA Receivers"), counseling them on marshalling and liquidating assets, and over 90 years of experience in commercial litigation and surety law. As counsel for the SBA Receivers, the Receiver and Gottesman Wolgel have instituted various lawsuits to recover receivership assets, successfully defended the SBA Receiverships in numerous jurisdictional challenges, and litigated receivership claims.

## CASE STATUS

The case status has been reported most recently in the Receiver's Report for the 2014 Second Quarter covering the period of April 1, 2014 to June 30, 2013 (ECF Doc. 240), and previously in the Receiver's Initial Report and Proposed Plan covering the period of March 27, 2012 to June 30, 2012 (ECF Doc. 42), the Receiver's Report for the 2012 Third Quarter covering the period of July 1, 2012 to September 30, 2012 (ECF Doc. 60), the Receiver's Report for the 2012 Fourth Quarter covering the period from October 1, 2012 to December 31, 2012 (ECF Doc. 71), the Receiver's Report for the 2013 First Quarter covering the period from January 1, 2013 to March 31, 2013 (ECF Doc. 112), the Receiver's Report for the 2013 Second Quarter covering the period from April 1, 2013 to June 30, 2013 (ECF Doc. 143), the Receiver's Report for the 2013 Third Quarter covering the period from July 1, 2013 to September 30, 2013 (ECF Doc. 170), the Receiver's Report for the 2013 Fourth Quarter covering the period from October 1, 2013 to December 31, 2013 (ECF Doc. 182), and the Receiver's Report for the 2014 First Quarter covering the period from January 1, 2014 to March 31, 2014 (ECF Doc. 228). The following is intended to briefly summarize certain activities for this Receivership during the Subject Quarterly Period. It is respectfully requested that this Court refer to the Receiver's Report for the 2014 Second Quarterly Period (ECF Doc. 240) for a more detailed report of the Receivership.

A.   **Cash on Hand.**

As of the date of the Receiver's Report for the 2014 Second Quarter covering the period from April 1, 2014 to June 30, 2014, the Receiver had $6,182,326.08 in cash on hand, deposited in a FDIC insured escrow account in the name of the Receivership (the

"Receivership Account") and in accordance with this Court's Initial Receivership Order. This cash on deposit in the Receivership Account represents the Receivership Funds collected from Horizon Kinetics LLC/Kinetics Institutional Partners, L.P., Millennium USA, L.P., the Bank of America, Citibank's Hedge Forum, Morgan Stanley Smith Barney's Hedge Forum, and HSBC Bank of Bermuda (Waterstreet Account).

The account balance for the Receivership Account was $6,182,324.27 at the end of the prior Quarterly Reporting Period which was the 2014 First Quarter (January 1, 2014 to March 31, 2014). Since the prior Quarterly Reporting Period, the Receiver received $7,101.21 in interest or dividend income and $29,403.00 from the reduction of Millennium USA, L.P.'s holdback, and the Receiver paid $120.00 in subpoena fees and $36,382.40 in publication fees. The account balance for the Receivership Account at the end of the Quarterly Reporting Period for the 2014 Second Quarter (April 1, 2014 to June 30, 2014) was $6,182,326.08. None of the aforesaid funds are encumbered.

B.  **Other Assets.**

In addition to the cash on hand described above, the Receivership continues to have assets with: (i) Morgan Stanley Smith Barney and Citibank's HedgeForum in the estimated sum of $22,043.24 allegedly representing non-liquid investments, and (ii) Millennium USA, L.P. in the sum of $51,871.00 as a holdback for Lehman Brothers claims and expenses.

The available liquid assets of the Callahan Funds are extremely limited. The bulk of the Callahan Funds were allegedly invested or loaned to Distinctive Investments. A significant portion of those investments or loans are purportedly evidenced by promissory notes made by Distinctive Investments and payable to Fiduciary Select or Diversified

6

Global (the "Distinctive Notes"). The Distinctive Notes have an approximate total principal sum of $47,645,726.00. During this Subject Quarterly Period, the Receiver and his counsel negotiated and executed a contract for the sale of the Distinctive Notes for the purchase price of $41,500,000.00, which purchase price becomes $42,750,000 if an option is exercised, with April 21, 2014 being the date the contract deposit becomes non-refundable, and June 3, 2014 being the date the contract must closed or is otherwise terminated. However, the Court cancelled the contract and by an Order dated March 27, 2014, this Court removed the promissory notes from the Receivership Estate. The Receiver also has been pursuing the recovery of other diverted Receivership Assets.

C.  **Administrative Expenses.**

For the Subject Quarterly Period, the accrued administrative expenses for the Receivership, which are the subject of this Motion were submitted to the SEC for their preliminary review and approval pursuant to the Initial Receivership Order and which are now subject to this Court's review and approval, are: (i) $30,450.00 as the Receiver's fees, (ii) $0.00 as disbursements and expenses made or incurred by the Receiver on the account of the Receivership, (iii) $80,057.50 as the Gottesman Wolgel's professional legal fees as the Receiver's Counsel, and (iv) $1,961.64 as disbursements and expenses made or incurred by the Gottesman Wolgel on the account of the Receivership.

D.  **Summary.**

The Subject Quarterly Period represents the period from April 1, 2014 to June 30, 2014, and the eighth full quarter of the Receivership. In this Subject Quarterly Period, the Receiver and his counsel have:

- Continued to receive and evaluate claims received pursuant to the Claims Bar Notice and Deadline, as well as the court approved procedure to

7

       identify and determine claims against the Receivership, pursuant to the Court's February 20, 2014 Order [ECF Doc. 186] (the "Claims Bar Order");

- issued notices for additional information and documentation for certain claims received pursuant to the Claims Bar Order;

- continued to prepare notices of determination of claims received pursuant to the procedures and process established by the Claims Bar Order;

- opposed Defendant Callahan's motion to use receivership assets for his legal fees;

- demanded repayment of funds received by third-parties purporting to be their net profits of their investments;

- reviewed additional documents and information from Rochdale Investment Management, RIM Securities, LLC, Rochdale Offshore Investment Management and other persons and entities concerning certain transactions of the Defendants and Investors, funds and assets of the Receivership Entities, and investments and redemptions.

The Receiver's Report for the 2014 Second Quarter (ECF Doc. 240) provides a more detailed summary of the foregoing activities.

    The Receiver intends to conclude this Receivership as expeditiously and orderly as possible. However, in the continued absence of any books, records, or accounts payable / receivable ledgers, it is significantly difficult to identify, review or analyze known creditors of the Receivership Entities. Despite these limitations, to date, the Receiver received 67 potential claims submitted pursuant to the Claims Bar Order totaling $100,017,063.78.

    The claims determination procedure authorized by this Court's Claims Bar Order during the Subject Quarterly Period provides a process by which a notice will be given to known investors and creditors, including via notice by publication in newspapers of general circulation to and for unknown investors/creditors, to submit a formal claim to

the Receiver which the Receiver will then evaluate and make a recommendation for the disposition of each claim. The notices, as well as the claims determination procedure, set forth a claims bar date by which all claims must be submitted to the Receiver.

The Claims Bar Order also includes a claims disposition procedure by which the Receiver will be able to recommend which claims of an investor or a creditor should be allowed or disallowed, in whole or in part. The procedure provides the process by which any investor or creditor whose claim are disallowed in whole or in part can object and seek summary review and disposition of their objections. The objection will be submitted on paper with the opportunity for the Receiver to respond and/or resolve. The Receivership Court will have the option to conduct a hearing and/or to issue a decision with respect to a final allowance or rejection of a claim.

In addition to the proposed procedures to identify the claimants of the Receivership Estate and for the disposition of such claims, the Receiver also intends to take such legal recourse to collect the debts owed to the Receivership Estate, and upon completing his evaluation, seize those Receivership Assets, Properties and Interests which are costs effective and worthwhile to seize, and seek permission to abandon those which will be unduly burdensome and too costly to pursue.

E. **Liquidated and Unliquidated Claims.**

The Receiver's liquidated claims include those Receivership Assets in bank accounts held in the name of the Receivership Entities which have not yet been turned over to the Receiver, and the loans and/or investments made by Pangea Offshore, Fiduciary Select or Diversified Global on the account of, or for the benefit of the Distinctive Investments and the property known as the Panoramic View. The Receiver's

9

unliquidated claims include, but are not limited to, the moneys improperly diverted to the Panoramic View located in Montauk, New York, the cooperative unit owned by Defendant Brian R. Callahan at the Panoramic View, Defendant Brian R. Callahan's residence located at Old Westbury, New York and the storage facility business located in Cromwell, Connecticut. Unliquidated claims also include, but are not limited, to the redemptions issued to certain investors, and the fees received by third-party fund administrators. The Receiver anticipates the need for forensic accountants in evaluating and pursuing the Receiver's claims.

**F.    Billings.**

The total compensation being requested by the Receiver for the Subject Quarterly Period is $30,450.00 in fees and $0.00 in expenses and disbursements for a total sum of $21,125.00. This sum reflects 121.80 hours billed at the rate of $250.00 per hour. The expenses and disbursements made on account of the Receivership and hours billed by any paralegal, whether incurred by the Receiver or by the Receiver's Counsel, Gottesman Wolgel, will be requested by the Receiver's Counsel, and not here. The compensation sought by the Receiver is only for the billable time expended by the Receiver and expenses and disbursements incurred or made by the Receiver. It also excludes billable time which the Receiver voluntarily elected not to charge for the benefit and savings of the Receivership Estate.

The subject compensation and expenses follows the compensation of fees and expenses previously approved and awarded by this Court pursuant to its Order dated September 18, 2012 (ECF Doc. 59) for the 2012 Second Quarter (March 27, 2012 to June 30, 2012), its Order dated February 26, 2013 (ECF Doc. 84) for the 2012 Third Quarter

(July 1, 2012 to September 30, 2012), its Order dated February 26, 2013 (ECF Doc. 86) for the 2012 Fourth Quarter (October 1, 2012 to December 31, 2012), its Order dated October 9, 2013 (ECF Doc. 163) for the 2013 First Quarter (January 1, 2013 to March 31, 2013), its Order dated October 9, 2013 (ECF Doc. 165) for the 2013 Second Quarter (April 1, 2013 to June 30, 2013), and its Order dated February 20, 2014 (ECF Doc. 185) for the 2013 Third Quarter (July 1, 2013 to October 31, 2013).

## CONCLUSION

The Receiver respectfully requests that this Court: (a) find that the Receiver has diligently and reasonably discharged his duties given the time, labor and skill required to effectively and efficiently oversee the instant Receivership, (b) approve all of the fees and expenses set forth in EXHIBIT A of the Receiver's Certification of Compliance, to wit: $30,450.00, (c) authorized the Receiver to pay himself such fees as approved by this Court, and (d) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 15, 2014

Respectfully submitted:

_____
STEWART W. LEE
Gottesman, Wolgel, Flynn,
Weinberg & Lee, P.C.
11 Hanover Square, 4th Floor
New York, New York 10005
Tel.: (212) 495-0100
E-Mail: slee@gottesmanlaw.com

*Attorneys for the Steven Weinberg*
*As the Court Appointed Receiver for*
*Horizon Global Advisors Ltd., Horizon*
*Global Advisors LLC, Diversified Global*
*Investments (BVI) L.P., the Masters Global*
*Fund, L.P., Fiduciary Select Income Fund,*
*L.P., Horizon Millennium Investments, L.P.*

11

*and Pangea Offshore High Yield Portfolio, LLC.*

12