# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

BRIAN RAYMOND CALLAHAN, ADAM MANSON, DISTINCTIVE INVESTMENTS LLC, and DISTINCTIVE VENTURES LLC;

        Defendants,

SHERI MANSON CALLAHAN,

        Relief Defendant.

------------------------------------------------------------------x

Case No. 12-CV-1065 (ADS/AYS)

Assigned to:
  Hon. Arthur D. Spatt (DJ)
  Hon. A. Y. Shields (MJ)

## ORDER APPROVING AND CONFIRMING THE RECEIVER'S FINAL CLAIM DETERMINATION REPORT

This matter is before the Court on the Motion for Approval of the Receiver's Final Claim Determination Report and Approval of the Procedures for Distribution contained in the Final Claim Determination Report (the "Report") by Steven Weinberg, in his capacity as receiver (the "Receiver") for Horizon Global Advisors Ltd. ("HGA LTD"), Horizon Global Advisors LLC ("HGA LLC"), Diversified Global Investments (BVI), L.P. ("Diversified Global") f/k/a Horizon Global Investments, L.P. ("Horizon Global"), The Masters Global Fund, L.P. ("Masters Global"), Fiduciary Select Income Fund, L.P. ("Fiduciary Select") f/k/a Pangea Bridge Investment, L.P. ("Pangea Bridge"), Horizon Millennium Investments, L.P. ("Horizon Millennium") and Pangea Offshore High Yield Portfolio, LLC ("Pangea Offshore"). Having fully considered the Motion, Final Claim Determination Report, any objections related thereto, and being duly advised as to the merits,

1

## THE COURT DOES HEREBY ORDER THAT:

1. The Final Claim Determination Report is approved in its entirety, and all objections not withdrawn or resolved by this Order are overruled in all respects;

2. The claims determinations summarized in Exhibit F to the Report and annexed to the Order are confirmed, thereby confirming the approved claim amounts, and confirming that those claims which have been denied remain denied ;

3. all Claims and Claimants who did not timely submit a claim are forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting in any manner, any claim whatsoever against the Receiver, the Receivership, the Receivership Entities and their respective estates or property;

4. all potential claims and objections to the Notice of Receiver's Determinations of Claim which were not timely submitted to the Receiver, not timely filed with this Court or denied by the Receiver and/or the Receivership Court are denied, waived and/or overruled;

5. the Court hereby enters final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure with respect to the Potential Claims that are the subject of the Final Claim Determination Report;

6. that after the time for any appeal of the Claims Determination Order has expired, or the resolution of any such appeal, the Receiver shall distribute the Receivership Assets to the extent that such distribution is practical and will not hamper the needs of the continuation of the Receivership, including any pending Receivership litigation including but not limited to the Receiver's Ancillary Claims (the "Receivership

Litigation"), provided that the Receiver believes that no reason exists for not satisfying such Court approved Potential Claims;

7. the Receiver is authorized to make an interim distribution, if in his discretion he chooses to do so, provided that the Receiver establishes and holds a reserve from the Receivership Assets in an amount reasonably necessary to pay for the costs of winding up the Estate and any other costs, including but not limited all remaining unpaid Administrative Claims and Professional Claims, after distribution of the Receivership Assets.

8. that in the event that there remains Receivership Litigation or Claimant's Third-Party Actions that have not been resolved or concluded when the Receiver makes a distribution, whether in the form of an interim distribution or otherwise, the Receiver shall also: (1) hold off distribution and payment of the Potential Claims which may be reduced or affected by the Receiver's Ancillary Claims or by the Claimant's Third-Party Actions, and (2) establish and hold an additional reserve from the Receivership Assets in an amount sufficient or necessary: (i) to pay the costs, including the Receiver's fees and attorney's fees, of any remaining Receivership Litigation, (ii) equal to the full amount of the approved Potential Claims which may be reduced or affected by the Receiver's Ancillary Claims and Claimant's Third-Party Actions which have not been resolved or concluded at such time, and (iii) to account for such other amounts which the Receiver deems necessary or prudent to withhold from distribution and payment. The distribution of any funds remaining after winding up of the Receivership Estate or resolution of the Receivership Litigation shall be

distributed according to the Claims Determination Order, the terms and conditions of the Receivership Orders, and any further Order of this Court.

9. that if at the time of the distribution, whether in the form of interim distribution or otherwise, the Receiver's Ancillary Claims or the Claimant's Third-Party Action have been concluded in a manner which will reduce one or more Potential Claims, then the Receiver is authorized to reduce such Potential Claims in accordance with the Claims Determination Order without further Order of this Court, and distribute and pay to the Potential Claimant of such Potential Claim the remaining balance, if any, after such reduction; and

10. Grant such further relief as this Court deems proper.

**SO ORDERED** this the _____ day of _____, 2016.

_____
THE HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE